# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM LOWE, On Behalf Of Himself And All Others Similarly Situated<br><br>801 N. Monroe St, Apt 901<br>Arlington, Virginia 22201<br><br>            Plaintiff,<br><br>        v.<br><br>NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. AND EDS CORPORATION<br><br>           Defendants. | Case Number:1:06CV00280<br>Judge: Reggie B. Walton<br>Deck Type: Contract<br>Date Stamp: 02/152006 |

| | |
|---|---|
| TIMOTHY WALLIN, On Behalf Of Himself And All Others Similarly Situated<br><br>912 Roanoke Drive<br>Springfield, Illinois 62702<br><br>            Plaintiff,<br><br>        v.<br><br>NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.<br><br>           Defendant. | Case Number: 1:06CV00382<br>Judge: Emmet G. Sullivan<br>Deck Type: Contract<br>Date Stamp: 03/03/2006 |

LINDA CUTLER, On Behalf Of Herself And All
Others Similarly Situated

92 Atlantic Avenue, Apt. 2A
Brooklyn, New York 11201

                          Plaintiff,

              v.

NATIONAL ASSOCIATION OF SECURITIES
DEALERS, INC.

                          Defendant.

Case Number: 1:06CV00525
Judge: Reggie B. Walton
Deck Type: Contract
Date Stamp: 03/21/2006

---

JENNIFER HESTER and JASON PLUNKETT, On
Behalf Of Themselves And All Others Similarly
Situated,

8133 High Drive
Leawood, Kansas 66206

129 Taggert Avenue
Nashville, Tennessee 37205

                          Plaintiffs,

              v.

NATIONAL ASSOCIATION OF SECURITIES
DEALERS, INC.,

                          Defendant.

Case Number: 1:06CV00554
Judge: Reggie B. Walton
Deck Type: Contract
Date Stamp: 03/23/2006

**CLASS ACTION**

**JURY TRIAL DEMANDED**

### UNOPPOSED MOTION FOR CONSOLIDATION AND CASE MANAGEMENT INCLUDING THE ORGANIZATION AND LEADERSHIP OF PLAINTIFFS' COUNSEL AND SUPPORTING STATEMENT OF POINTS AND AUTHORITIES

Plaintiffs William Lowe, Timothy Wallin, Linda Cutler, Jennifer Hester, and Jason

Plunkett respectfully request that in accordance with Fed. R. Civ. P. 42(a) this Court grant this

motion for consolidation and a case management proposal including the organization and

leadership of plaintiffs' counsel for the above referenced cases and all other cases that (1) have

been filed in this district (2) are subsequently transferred or removed to this district or (3) are

filed in this district in the future.  In support of this request, Plaintiffs submit the attached

Statement of Points and Authorities.

## INTRODUCTION

Plaintiffs request that the Court exercise its discretion and issue an order consolidating

the four above-captioned actions and all other causes that relate to the exact same conduct,

stemming from an identical nucleus of operative facts.[1]  Plaintiffs respectfully submit that factors

of convenience, efficiency and economy, for both the Court and the parties, support

consolidation of these actions.  Furthermore, there is no discernible prejudice or confusion that

militates against consolidation.  Counsel for Defendants NASD and EDS advised plaintiffs'

counsel on April 3, 2006 that they do not oppose consolidation of these actions now pending

before the District Court for the District of Columbia, and do not oppose the submitted proposed

order.

## STATEMENT OF THE FACTS

The above-captioned actions all relate to the same subject-matter, the announcement by

defendant, the National Association of Securities Dealers ("NASD"), that a "computer glitch"

resulted in a grading error on the Series 7 exam impacting nearly two thousand individuals who

had taken the exam from October of 2004 through December of 2006.  *Lowe v. Nat'l Assoc. of

Securities Dealers, Inc. and EDS Corp.*, No. 1:06CV280, ¶ 1 (D.D.C. filed February 15, 2006).

---

[1] Plaintiffs recently learned that late last week yet another action involving the exact same subject matter, was filed in this District: Ketita v. NASD and EDS Corp., 1:06-CV-580-RBW. This filing further highlights that in the interest of judicial economy, all related cases filed in this District should be consolidated.  This Unopposed Motion and Proposed Order will be served on Plaintiff's counsel in that matter.

In a January 6, 2006, press release, the NASD acknowledged that the impacted individuals received failing grades when in fact they had earned a passing grade. *Id.* As a result, many of these individuals lost their jobs and suffered additional harm. *Id.* at ¶ 60.

On February 2, 2006, the law firm of Barrett Johnston & Parsley filed the first case in the nation relating to this issue. *Plunkett v. Nat'l Assoc. of Securities Dealers, Inc.*, No. 3:06CV89 (M.D. Tenn. filed February 2, 2006). In the weeks following that filing, additional cases were filed involving this same matter in the District of Columbia, *Lowe v. Nat'l Assoc. of Securities Dealers, Inc. and EDS Corp.*, No. 1:06CV280 (D.D.C. filed February 15, 2006); *Wallin v. Nat'l Assoc. of Securities Dealers, Inc. and EDS Corp.*, No. 1:06CV382 (D.D.C. filed March 3, 2006), and the Southern District of New York, *Crabbe v. Nat'l Assoc. of Securities Dealers, Inc.*, No. 1:06CV1085 (S.D.N.Y. filed February 14, 2006); *Cutler v. Nat'l Assoc. of Securities Dealers, Inc.*, No. 1:06CV1208 (S.D.N.Y. filed February 16, 2006).

Plaintiffs' counsel in the above referenced cases conferred extensively and concluded the most appropriate place for these cases to proceed was in this District. Subsequently, the original case filed in the Middle District of Tennessee and the subsequent cases filed in the Southern District of New York and a petition for consolidation before the Multidistrict Panel for Litigation ("MDL") were voluntarily dismissed and the petition withdrawn and the cases were re-filed in this District as related cases.

Plaintiffs' counsel in each of these cases also agreed to a leadership and organizational structure to efficiently prosecute these cases and provide putative class members with the best opportunity to prevail on its claims. It was agreed that Barrett Johnston & Parsley, the firm that filed the first case in the nation on this issue would serve as lead counsel; Cuneo Gilbert & LaDuca would serve as liason counsel and the firms of Balestriere PLLC, Lerach, Coughlin,

Stoia, Gellar, Rudman & Robbins, LLP; and Berger & Montague, P.C. would serve on the Executive Committee.

With a leadership and organizational structure in-place, including firms from around the country very experienced in class action litigation, securities law and specifically standardizing testing cases, plaintiffs designated lead counsel approached counsel for the defendants NASD and EDS to attempt to complete a stipulation to be presented to this Court that would enable these cases to move forward efficiently and without expending undue resources of the court or parties. Before a stipulation could be agreed to, the parties learned that additional cases involving the same subject matter have been filed in the Southern District of New York, Eastern District of Arkansas and the District of Columbia. These newest cases were filed nearly eight weeks after the original case was filed by Barrett Johnston & Parsley in Tennessee and include nearly identical claims to the original group of filed cases.

On March 29, 2006, defendants filed an amended petition to the JPMDL requesting that all the pending actions be transferred to the Southern District of New York. Defendants note that there are currently seven cases pending, five in the District of Columbia, one in the Eastern District of Arkansas and one in the Southern District of New York.

ARGUMENT

**A.      Consolidating All Related Actions Will Promote Judicial Economy**

Rule 42(a) of the Federal Rules of Civil Procedure provides as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42. Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact and the court finds that consolidation would avoid

5

unnecessary costs or delay. *See Rankin v. Shayne Brothers*, 234 F.2d 35, 39 (D.C. Cir. 1955).

The rule is invoked "in furtherance of convenience or to avoid [the] prejudice [of] . . . separate

trials." *Id.* This Court has broad discretion under Fed. R. Civ. P. 42(a) to consolidate cases.

*Santucci v. Pignatello*, 188 F.2d 643, 645 (D.C. Cir. 1951). Consolidation inures to the benefit

of all parties involved in the various actions and such a procedure has been frequently utilized in

complex multi-party actions. Consolidation of the lawsuits over the improper failure of the

1,882 individuals who took the Series 7 exam administered by the NASD:

> [W]ould serve the purpose of avoiding needless duplication of time, effort and
> expense on the part of the parties and the court in the conduct of pretrial discovery
> proceedings and of the trial itself. It would also enable the proceedings to be
> expedited and make for economy and convenience generally in the administration
> of the litigation. ***In fact serious prejudice could result to the parties from a
> failure to consolidate.***

*Fields v. Wolfson*, 41 F.R.D. 329, 330 (S.D.N.Y. 1967) (emphasis added)

Consolidation of the above referenced cases is within the discretion of the Court and

makes sense in light of the factors favoring consolidation. *See generally Chang v. United

States*, 217 F.R.D. 262, 265 (D.D.C. 2003); *see also Stewart v. O'Neill*, 225 F. Supp. 2d 16, 20

(D.D.C. 2002). "The decision whether to consolidate cases under Rule 42(a) is within the broad

discretion of the trial court." *Stewart*, 225 F. Supp. 2d at 20. In determining whether

consolidation is appropriate courts consider factors such as convenience and economy in balance

with any prejudice or confusion that may result. *Chang*, 217 F.R.D. at 265 (internal citations

omitted). Additionally, the court noted, "Consolidation may increase judicial efficiency by

reducing presentation of duplicative proof at trial, eliminating the need for more than one judge

to familiarize themselves with the issues presented, and reducing excess costs to all parties and

the government." *Id.* (internal citations omitted).

Plaintiffs submit that all the factors enunciated by this Court, favoring consolidation, are present here. Not only does each action name the NASD, but each also alleges that by incorrectly scoring the Series 7 exam harmed those who were informed that they failed when they actually had passed. The Plaintiffs in each case will seek to review the same documents and depose the same witnesses. Plaintiffs request that this Court issue an Order providing for a limited case management proposal and leadership structure, as set forth in the attached Proposed Order, to enable the consolidation of these actions. Whether these cases ultimately proceed before this Court or are transferred elsewhere, that consolidation will in any event preclude inefficiencies and may facilitate, the commencement of the substantive litigation of these cases without further delay.

Furthermore, consolidation of any later filed similar actions is also appropriate. In a similar situation, the court stated:

> In light of the similar factual and legal issues in the three actions pending before the Court, the Court finds it in the interests of judicial economy and conservation of the parties resources to consolidate . . . any future shareholder derivative actions bases on the same or similar set of facts and law into one action.

*Millman v. Brinkley,* 2004 US Dist. LEXIS 20113 at *7 (N.D. Georgia October 1, 2004). Accordingly, the Court should order consolidation of the above-captioned cases and any future actions subsequently filed, transferred or removed to this Court involving common questions of law or fact.

**B.    This Court Should Appoint a Leadership Structure for Plaintiffs**

In complex cases such as this one, it is well established that the court may appoint a plaintiff leadership structure to coordinate the prosecution of complex litigation. *In re Benedectin Litig.*, 857 F.2d 290, 297 (6th Cir. 1988); *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 774-75 (9th Cir. 1977); *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006,

1014-15 (5th Cir. 1977); *Millman*, 2004 US Dist. LEXIS 20113 at *7. Likewise, the utility in

appointing lead counsel in complex actions such as this one is well recognized. As stated by one

court:

> The benefits achieved by consolidation and the appointment of general counsel,
> *i.e.*, elimination of duplication and repetition and in effect the creation of a
> coordinator of diffuse plaintiffs through whom motions and discovery
> proceedings will most certainly redound to the benefit of all
> parties to the litigation. The advantages of this procedure should not be denied
> litigants in the federal courts because of misapplied notions concerning
> interference with a party's right to his own counsel.

*MacAlister v. Guterma*, 263 F.2d 65, 69 (2d Cir. 1958). In addition, the *Manual for Complex*

*Litigation Third* ("MCL 3d") recognizes the benefits of promptly appointing a leadership

structure of plaintiffs' counsel in complex multi-party litigation. *See* MCL 3d §20.22, 20.221.

The Court has broad discretion in appointing lead counsel and "[t]he 'guiding principle' is who

will 'best serve the interests of the plaintiffs." *Millman*, 2004 US Dist. LEXIS 20113 at *8

(quoting *Rich v. Reisini*, 25 A.2d 32, 34 (N.Y.App. Div. 1966).

**C.      The proposed structure is comprised of leading class action law firms from around
the country who have the experience, skills and resources to prosecute this matter.**

1.      Barrett Johnston & Parsley should be appointed Lead Counsel

Founded by George E. Barrett in 1962, Barrett Johnston, the first racially integrated law

firm in the South, has been involved in and responsible for some of the nation's most prominent

and historical class action litigation. (*See* Firm Resume Attached as Exhibit A). As recently

exemplified by the Sixth Circuit Court of Appeals in *Geier v. Sundquist*, 372 F.3d 784 (6th Cir.

2004), the firm has been responsible for class action settlements of historical and national

significance. *Geier* was a civil rights action in which the firm served as original and lead counsel

for plaintiffs. The issues were successfully litigated for over ***thirty-six years***, and resulted in the

dismantling of a dual system of public higher education in the State of Tennessee and generating

8

benefits totaling in excess of $320 million for the system.  The Sixth Circuit, in noting the

"exceptional nature and national significance of the case" stated:

> [T]he magnitude of this case is formidable in numerous respects.  The legal
> principles advanced by the Geier Plaintiffs were pathbreaking and of great social
> import.  It was in this case that this Court first held that there was an affirmative
> duty to remove all vestiges of state-imposed segregation in institutions of public
> higher education, just as there was such an obligation at lower educational levels.
> Plaintiffs have litigated -- successfully -- for thirty-six years against continuous
> state opposition and contrary judicial precedents outside this Circuit, and they
> have secured injunctive relief -- valued at approximately $320 million -- in
> programs affecting all public institutions of higher education.

*Id.* at 795. The court concluded by noting that "the tenacity of the attorneys and broad remedies

obtained . . . render this a "rare" and "exceptional" case.  *Id.*  The *Geier* case served as a model

for other similar cases brought in the South. *Id.*

The firm has also been responsible for many significant shareholder class actions,

including the two largest securities class action recoveries in Tennessee history.  One of those

settlements, *In re Dollar General Corp. Securities Litigation*, Case No. 3:01-0388 (M.D. Tenn.)

(Wiseman, J.), which recovered $172.5 million, is also the largest securities class action

settlement in Sixth Circuit history and represents the tenth largest settlement of a securities class

action since the passage of the Private Securities Litigation Reform Act in 1995 ("PSLRA").[2]

The other recovery *In re Prison Realty Securities Litigation*, Civ. No. 3-99-0452 (M.D. Tenn)

(Campbell, J.), which recovered approximately $120 million, is the second largest securities

class action settlement in Tennessee history and represents the sixteenth largest settlement of a

securities class action since the passage of the PSLRA.[3]  Additionally, in *Morse v. McWhorter et

al.*, Civ. No. 3-97-0370 (M.D. Tenn.) (Higgins, J.), which recovered $51.25 million for

---

[2]      *See http://securities.stanford.edu/Settlements/largest_post_reform_act.html.*

[3]      *Id.*

Columbia/HCA Shareholders, the firm served as liaison counsel in an action brought against Columbia/HCA and its officers and directors in an action alleging violations of federal securities laws.

The firm is currently serving as Co-Lead Counsel in a consumer class action against Microsoft Corporation alleging violations of the Tennessee Consumer Protection Act and the Tennessee Trades Practices Act as a result of defendant Microsoft's unlawful monopolization of the market for licensing all Intel-compatible PC operating systems.  The suit was brought on behalf of persons or entities in the State of Tennessee, who purchased for purposes other than re-sale or distribution during the last four years, Intel-compatible PC operating systems licensed by Microsoft. The court has preliminary approved a settlement with a conservative minimum value worth at least $32 million.  The firm was responsible for the landmark decision, *Sherwood v. Microsoft*, No. 99C-3562, 2003 WL 21780975 (Tenn. Ct. App. Aug 2, 2004), permission to appeal den. Aug. 2, 2004, which held that indirect purchasers had standing to sue under the Tennessee Trades Practices Act and the TTPA applies to activity that has substantial effects on commerce within the state of Tennessee.

Additionally, state and federal courts outside of Tennessee and across the country have appointed Barrett Johnston as lead or co-lead counsel in some of the largest and most prominent complex litigation in the country.   For example, most recently, in the Fannie Mae shareholder derivative litigation pending in the District of Columbia, on a contested motion for lead plaintiff and lead counsel, the Court appointed Barrett Johnston Co-Lead Counsel. *See Horns ex rel. v. Raines,* 227 F.R.D. 1, 3 (D.D.C.  2005).  In appointing the firm, Judge Leon of the District of Columbia in his reported decision specifically noted "[t]he Barrett Firm . . .  are experienced counsel that have had success in this type of litigation." *Id.*  Additionally, after Barrett Johnston had filed an initial detailed 98-page complaint on behalf of its client and numerous other detailed

10

pleadings with the court, Judge Leon also noted that Barrett Johnston had "prosecuted the litigation with well-pled and thorough pleadings." *Id.* Barrett Johnston also served as Co-Lead Counsel in *In re Global Crossing Ltd. Securities & ERISA Litigation,* MDL Docket No. 1472 (S.D.N.Y.) (Lynch, J.), in which a settlement valued at approximately $79 million.

Barrett Johnston has litigated successfully more shareholder class action litigations in Tennessee courts than any other law firm. For example, in *In re Corrections Corporation of America Shareholder Litigation*, Civ. No. 98-1257-III (Davidson Cty. Chancery Ct.) (Chancellor Lyle), the firm prosecuted a shareholder class action brought on behalf of former Corrections Corporation of America shareholders alleging breach of fiduciary duty in connection with the merger between Corrections Corporation of America and Prison Realty Trust. The case resulted in a recovery with a value of $32 million to the class. Additionally, Barrett Johnston has served as lead counsel and litigated successfully numerous other cases such as the one at bar alleging breaches of fiduciary duty in the context of a corporate merger in Tennessee courts. *See, e.g., Joseph McLemore v. Children's Comprehensive Services, Inc. et. al.*, Case No. 01C1878 (Davidson Cty. Circuit Court (Solomon, J.); *Samuel Brand v. Colleen Conway Welch, et al.*, Case No. 00C-3066 (Davidson Cty. Circuit Court (Gayden, J.); *Everett Ramage v. Logan's Roadhouse, Inc., et. al.*, Case No. 99-90-III (Davidson Cty. Chancery Ct.) (Chancellor Lyle).

In short, the appointment of Barrett Johnston, a Tennessee firm with extensive experience and success in this type of complex litigation, as the single lead counsel will promote judicial economy and is in the best interest of the class members.

 2. <u>Cuneo Gilbert should be appointed Liaison Counsel.</u>

Since 1986, Cuneo Gilbert & LaDuca has had a dual practice – prosecuting complex litigation in federal and state courts across the country; and federal legislative and policy work. In the litigation aspect of its practice the firm has been involved in scores of complex class,

derivative and private attorney general actions, often serving in a leadership capacity. For example, the firm was sole lead counsel in the recent case of *Galanti v. Goodyear Tire & Rubber Co.*, Civil Action No. 03-209 (D.N.J.), in which $300 million was recovered for injured consumers. In California, the firm was recently named by the court as co-lead in a nationwide class action suit against Sony (*Chabansky v. Sony Electronics, Inc.*, Civil Action No. 05-CV-1979 (S.D.N.Y.) and was also approved by the court as Chair of the plaintiffs' executive committee in a consolidated nationwide action against Hewlett Packard (*In re: HP Inkjet Printer Litigation*, Master File C053580 (N.D. Cal.). In Florida, the firm is currently serving as lead counsel for a putative class of approximately 300,000 owners of deeded time share owners (*Grimes et. al. vs. Fairfield Resorts et. al.*, Civil Action No. 1061 (M.D. Fla.) and served on the plaintiffs' executive committee in *In re Disposable Contact Lens Antitrust Litigation,* MDL No. 1030 (M.D. Fla.), which resulted in a multi-million dollar recovery for wearers of disposable contact lenses.

Cuneo Gilbert & LaDuca has gained familiarity with complex and class litigation not only through prosecution of difficult cases, but through the firm's legislative representation of other lawyers who specialize in complex litigation, including the National Association of Shareholders and Consumer Attorneys ("NASCAT"), which the firm represented for seventeen years, from its inception in 1988 until January 2005. In that capacity the firm has been in constant contact with the leading practitioners in the field about developments and issues integral to advocating for the rights of class members in a complex class action such as the instant case. Members of the firm have served as Assistant United States Attorneys in this District (Steven Berk and David Stanley) and held other positions of substantial responsibility in the United States Government, including counsel to House and Senate Judiciary Committees (Jon Cuneo

and Mike Lenett); and the Executive Director of the Consumer Product Safety Commission
(Pamela Gilbert).

      3.   The proposed Executive Committee

Berger Montague, a firm of 70 lawyers, has been engaged in the practice of complex and
class action litigation for over 35 years.  The firm has been recognized by courts throughout the
country for its ability and experience in handling major complex litigation, particularly in the
fields of consumer litigation, securities, antitrust, mass torts, and civil and human rights.  The
firm's complement of nationally-recognized lawyers has represented both plaintiffs and
defendants in these and other areas, and has recovered billions of dollars for its clients.[1]

Just recently, the Berger firm prosecuted and settled a case which is virtually identical to
the present action against the NASD.  In In Re Educational Testing Service Praxis Principles of
Learning and Teaching; Grades 7 - 12 Litigation, MDL No. 1643 (E.D. La), the Berger firm
played an integral role as a member of plaintiffs' Steering Committee.  In that case, the firm
represented a class of persons who took a certain teacher licensing exam between July 2003 and
April 2004, and who were erroneously notified by defendant that they failed the exam when in
actuality they had passed.  4100 persons received failure notices, when they actually passed the
test.  The defendant later publicly admitted to the scoring error, just as the NASD did in its
January 2006 press release here.  The primary legal claim asserted was breach of contract, and
the class sought to recover all damages that flowed from defendant's conduct.  On March 13,
2006, Judge Sarah Vance of E.D. La granted preliminary approval of settlement, whereby
defendant agreed to pay $11.1 million to the settlement class.

---

[4]  The National Law Journal in 2004 and in 2005 selected Berger & Montague for its "Hot List,"
a list of the top 20 and top 12 plaintiffs'-oriented litigation firms in the United States.

Lerach, Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") is the largest plaintiffs' class action law firm in the country.  Lerach Coughlin has 160 attorneys with offices in San Diego, San Francisco, Los Angeles, New York, Boca Raton, Washington, D.C., Houston, Philadelphia and Seattle.  The firm handles a wide array of complex class action cases and its lawyers have the combined experience of handling over 1,000 class actions.  As a result, Lerach Coughlin attorneys have been responsible for recoveries of more than $35 billion.

Finally,  Balestriere PLLC is a five lawyer firm with an office in New York City.  The attorneys at Balestriere PLLC practice in the areas of civil fraud prosecution, complex litigation and criminal defense.  John Balestriere, the firm's founding partner, previously worked in both the Manhattan District Attorney's Office and the New York Attorney General's Office where he prosecuted criminal offenses and conducted high level investigations of organized crime, insurance fraud, human trafficking, and large identity theft rings.

The appointment of the Lowe, Wallin, Cutler, Hester, and Plunkett, as Lead Plaintiffs and the Barrett Firm as Plaintiffs' Lead Counsel, will serve the best interests of the class.  The proposed Lead Counsel have extensive experience in prosecuting complex actions such as this one.  *See* Exhibits A (Firm resume of the Barrett firm).  Appointment of Cuneo Gilbert & LaDuca as Liaison Counsel and the implementation of Plaintiffs' proposed leadership structure will serve to efficiently coordinate all Plaintiffs' common interests in prosecuting the case and will streamline the proceedings and avoid duplicative and unproductive effort.  Simply put, the class members will be well served by these law firms who have the experience, skills and resources to pursue this matter.

14

**D.      This Court Should Grant Plaintiffs Leave to File a Consolidated Complaint**

Plaintiffs' proposed consolidated complaint will promote the expeditious resolution of pleading matters, since any motions directed to the pleadings will be heard on a single hearing date to be set by the Court and will relate to only one set of pleadings.  Such procedures will not only simplify the presentation of any issues desired to be raised by the defendants concerning the sufficiency of the complaint, but will also avoid duplicative motions and hearings and unnecessary delay in the resolution of such issues.  Entry of the attached Unopposed Proposed Pretrial Order No. 1 will assist the Court and the parties by providing for the orderly, cost effective and timely prosecution of all related actions.

Respectfully Submitted

Dated: April 4th, 2006

Jonathan W. Cuneo, Esq. (D.C. Bar # 939-389)
Steven N. Berk, Esq. (D.C. Bar # 432-870)
David W. Stanley, Esq. (D.C. Bar # 174-318)
William A. Anderson
CUNEO, GILBERT & LADUCA, LLP
507 C Street, NE
Washington, DC 20002

George E. Barrett, Esq.
Douglas S. Johnston, Jr., Esq.
Gerald E. Martin, Esq.
Timothy L. Miles, Esq.
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, Tennessee 37201

Robert M. Rothman, Esq.
LERACH, COUGHLIN, STOIA, GELLAR,
RUDMAN & ROBBINS, LLP
58 South Service Road, Suite 200
Melville, NY 11747

Sherrie R. Savett, Esq.
Michael Fantini, Esq.
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

John Balestriere, Esq.
Catherine Riccards, Esq.
BALESTRIERE, PLLC
226 Broadway, Suite 2700
New York, NY 10007

*COUNSEL FOR PLAINTIFFS*

# EXHIBIT A

**BARRETT, JOHNSTON & PARSLEY**
**217 Second Avenue North**
**Nashville, TN 37201**
**Telephone: (615) 244-2202**
**Facsimile:  (615) 252-3798**
**www.barrettjohnston.com**

## LAW FIRM BIOGRAPHY

**BARRETT, JOHNSTON & PARSLEY** concentrates a significant part of its practice on class action litigation, including cases involving violations of federal securities law, ERISA, federal antitrust law, state consumer and antitrust law, and employment discrimination. The firm also has an active practice in corporate governance shareholder derivative litigation, enforcing corporate rights through the company's shareholders. The firm's office is located in Nashville, Tennessee and is active in major class action litigation pending in federal and state courts throughout Tennessee and across the country, as well as litigation before the Judicial Panel on Multidistrict Litigation.

The firm's reputation for excellence has been recognized on repeated occasions by various courts throughout the country which have appointed the firm to leadership positions in complex class and derivative actions including multi-district or consolidated litigations. *See, e.g., Horns ex rel. v. Raines,* 227 F.R.D. 1, 3-4 (D.D.C.  2005) (appointing firm co-lead counsel in Fannie Mae shareholder derivative litigation and noting the experience and success of the firm in this type litigation).  In certifying complex cases as class actions, Courts have noted the qualifications and experience of the firm in this area. *See, e.g., Craft v. Vanderbilt,* 174 F.R.D. 396, 406 (M.D. Tenn. 1996).  As shown below, Barrett, Johnston & Parsley has taken a major role in numerous actions on behalf of defrauded investors and consumers for violations of federal security laws, ERISA, state consumer and antitrust laws as well as breaches of fiduciary duty in shareholder derivative litigation in state and federal courts across the country.

## SETTLEMENTS

As recently exemplified by the Sixth Circuit Court of Appeals in *Geier v. Sundquist,* 372 F.3d 784 (6th Cir. 2004), the firm has been responsible for class action settlements of historical and national significance.  In *Geier,* a civil rights action in which the firm served as original and lead counsel for plaintiffs and successfully litigated for over thirty-six years, and which resulted in the dismantling of a dual system of education in the state of Tennessee and  resulted in benefits totaling in excess of $320 million, the Sixth Circuit, in noting the "exceptional nature and national significance of the case" stated:

> [T]he magnitude of this case is formidable in numerous respects.  The legal principles advanced by the Geier Plaintiffs were pathbreaking and of great social

-1-

import. It was in this case that this Court first held that there was an affirmative duty to remove all vestiges of state-imposed segregation in institutions of public higher education, just as there was such an obligation at lower educational levels. Plaintiffs have litigated -- successfully -- for thirty-six years against continuous state opposition and contrary judicial precedents outside this Circuit, and they have secured injunctive relief -- valued at approximately $320 million -- in programs affecting all public institutions of higher education.

*Id.* at 795. The court concluded by noting that "the tenacity of the attorneys and broad remedies obtained . . . render this a "rare" and "exceptional" case. *Id.* The *Geier* case served as a model for other similar cases brought in the South. *Id.*

The firm has also been responsible for other significant settlements of class action cases including the two largest securities class action settlements in Tennessee and Sixth Circuit history. One of those settlements, *In re Dollar General Corp. Securities Litigation*, Case No. 3:01-0388 (M.D. Tenn.) (J. Wiseman), which settled for $162 million, is also the largest securities class action settlement in Sixth Circuit history and represents the tenth largest settlement of a securities class action since the passage of the Private Securities Litigation Reform Act in 1995. The other settlement, *In re Prison Realty Securities Litigation*, Civ. No. 3-99-0452 (M.D. Tenn) (J. Campbell), which settled for $107 million, is the second largest securities class action settlement in 6th Circuit history and represents the sixteenth largest settlement of a securities class action since the passage of the Private Securities Litigation Reform Act in 1995. Additionally, in *Morse v. McWhorter et al.*, Civ. No. 3-97-0370 (M.D. Tenn.) (J. Higgins), which settled for $51.25 million, the firm served as Liaison Counsel on Plaintiffs' Executive Committee in an action brought against Columbia/HCA and its officers and directors in an action alleging violations of federal securities laws.

The firm represented Lead Plaintiff and institutional investor Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust in *Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust v. Hanover Compressor Company, et al.*, Civil Action No. H-02-0410 (S.D. Tex.) (J. Gilmore), a securities class action in which the court approved a settlement of $80 million which included significant and unprecedented corporate governance changes including the first time a company agreed to rotate its outside auditor as part of a resolution of a shareholder class action.

These settlements have produced monetary recovery and/or benefits for consumers, investors and citizens across the country totaling nearly a billion dollars in recoveries and including significant corporate governance changes and enhancements. These settlements include:

## SECURITIES FRAUD

• *In re Dollar General Corp. Securities Litigation*, Case No. 3:01-0388 (M.D. Tenn.) (J. Wiseman). The firm served as Plaintiffs' Liaison Counsel in an action brought against Dollar General Corporation and its officers and directors in an action alleging violations of federal securities laws. The case resulted in a settlement of $162 million. This is the largest securities class action settlement in Sixth Circuit and Tennessee history and

represents the tenth largest settlement of a securities class action since the passage of the Private Securities Litigation Reform Act in 1995.

• *In re Prison Realty Securities Litigation*, Civ. No. 3-99-0452 (M.D. Tenn) (J. Campbell). The firm served as Liaison Counsel of Plaintiffs' Executive Committee in an action brought against Prison Realty Trust, Inc. and its officers and directors in an action alleging violations of federal securities laws. The case was consolidated with two other related cases which resulted in a settlement of approximately $107 million. This represents the second largest securities class action settlement in Tennessee history; the second largest in Sixth Circuit history; and the sixteenth largest settlement of a securities class action since the passage of the Private Securities Litigation Reform Act in 1995.

• *Sidney Morse v. McWhorter et al.*, Civ. No. 3-97-0370 (M.D. Tenn.) (J. Higgins). The firm served as Liaison Counsel on Plaintiffs' Executive Committee in an action brought against Columbia/HCA and its officers and directors in an action alleging violations of federal securities laws. The case resulted in a settlement of $51.25 million.

• *Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust v. Hanover Compressor Company, et al.*, Civil Action No. H-02-0410 (S.D. Tex.) (J. Gilmore). The firm represented Lead Plaintiff and institutional investor Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust in this securities class action in which the court approved a settlement of $80 million which included significant corporate governance changes.

• *In re Envoy Securities Litigation*, Civ. No. 3-98-0760 (M.D. Tenn.) (J. Haynes). The firm served as Plaintiff's Liaison Counsel in an action brought against Envoy Corporation and its officers and directors in an action alleging violations of federal securities laws which resulted in a settlement of $11 million.

• *In re Phycor Corporation Securities Litigation*, Civ. Action No. 3-98-0834 (M.D. Tenn. (J. Campbell). The firm served as Liaison Counsel in a securities class action which resulted in a settlement of $10.095 million.

• *In re Sirrom Capital Corporation Securities Litigation*, Civ. No. 3-98-0643 (M.D. Tenn.) (J. Campbell). The firm served as one of Plaintiffs' counsel in a securities class action which resulted in a settlement of $15 million.

• *In re Quorum Securities Litigation*, Civ. No. 3-98-1004 (M.D. Tenn.) (J. Haynes). The firm served as Co-Liaison Counsel in an action brought against Quorum, Inc. and its officers and directors in an action alleging violations of federal securities laws. The case resulted in a settlement of $11.75 million for the class members.

• *In re Vision America Securities Litigation*, Civ. No. 3:00-0279 (M.D. Tenn.) (J. Campbell). The firm served as Plaintiffs' Liaison Counsel in an action brought against Vision America and its officers and directors in an action alleging violations of federal securities laws. The case resulted in a settlement of $2.575 million.

• *In re SCB Computer Technology Securities Litigation*, Civ. No. 00-2343-Ml/V (W. D. Tenn) (J. Gibbons). The firm served as Plaintiffs' Liaison Counsel in an action brought against SCB Computer Technology

and its officers and directors in an action alleging violations of federal securities laws which resulted in a settlement of $2.1 million.

• *Paul Senior v. SholLodge, Inc., et al.,* Civ. No. 98C-136 (Sumner Cty. Chancery Ct.) (Chancellor Grey). The firm served as Co-Lead counsel in a state securities class action brought on behalf of investors of ShoLodge, Inc. who purchases the companies securities and bonds. The case resulted in a settlement valued, at least, at $1.55 million.

## DISCRIMINATION

• *Geier v. Sundquist, et al.,* Civ. No. 5077 (M.D. Tenn) (Judge Wiseman). The firm served as Lead Counsel for the original plaintiffs in a class action lawsuit initiated in 1968 challenging the dual system of public higher education in Tennessee. The case was the oldest and longest lasting class action case on the docket in the Middle District of Tennessee and served as a model for other similar cases brought in the South. The case resulted in significant changes in public higher education throughout the State of Tennessee including the dismantling of a dual system of education and resulted in benefits totaling in excess of $320 million. The Sixth Circuit Court of Appeals discussed at length the great social impact of the case and that the results achieved by Plaintiffs' counsel were "rare" and "exceptional." *See Geier v. Sundquist,* 372 F.3d 784, 796 (6th Cir. 2004).

• *Hutcheson v. Tennessee Valley Authority, et al.,* Civ. No. 3-84-0201 (E.D. Tenn) (J. Jarvis). The firm served as Plaintiff's counsel for approximately 2000 female employees in a class action suit brought under Title VII alleging wage discrimination. The case

resulted in a settlement of approximately $5 million.

## ERISA

• *In re Global Crossing Ltd. Securities & ERISA Litigation,* MDL Docket No. 1472 (S.D.N.Y.) (J. Lynch). The firm served as a member of the lead counsel committee in a class action brought against Global Crossing, Ltd. and its officers and directors. This action was brought on behalf of all participants and beneficiaries of the Global Crossing Employees' Retirement Savings Plan, a 401(k) plan operated and administered by Global Crossing Ltd., and alleges breaches of fiduciary duties and violations of ERISA disclosure requirements. The suit alleged that Global Crossing failed to disclose to plan participants adequate information about the true financial position of the company and even encouraged their employees to invest or maintain investments in company stock while placing restrictions on the employees' ability to sell their company stock. The case resulted in a settlement valued at approximately $79 million.

• *United Rubber, Cork, Linoleum & Plastic Workers of America v. Pirelli Armstrong Tire Corporation, et al.,* Civ. No. 3-94-0573 (M.D. Tenn.) (J. Nixon). The firm served as Co-Counsel in a class action brought by former retirees of the United Rubber, Cork, Linoleum & Plastic Workers of America for violations of ERISA. The case resulted in a settlement with a value of approximately $70 million to the Plaintiff class.

• *In re Providian Financial Corp. Securities Litigation,* Master File No. C-01-3952 CRB, (N.D. Ca.) (J. Breyer). The firm served as

Plaintiffs' Counsel in a class action brought against Providian and certain of its officers and directors. This action was brought on behalf of employees and beneficiaries of the Providian Financial Corporation 401(k) plan and alleged breaches of fiduciary duty and violation of ERISA disclosure requirements. The case resulted in a settlement of $8.6 million.

• *In re Xcel Energy, Inc., Securities, Derivative & "ERISA" Litigation*, No. Civ. 02-2677 (DSD/FLN) (D. Minn.) (J. Dody). The firm is currently serving as Plaintiffs' Counsel in a class action brought against Xcel Energy, Inc. ("Xcel") and its officers and directors. This action was brought on behalf of all participants and beneficiaries of the Xcel Savings and Investment Plan, a 401(k) plan operated and established by Xcel, and alleges breach of fiduciary duty and violations of ERISA disclosure requirements. The case resulted in a settlement of $8 million.

## ANTITRUST

• *Sherwood v. Microsoft Corporation*, Civ. No 99-C-3562 (Davidson Cty. Circuit Ct.) (J. Kurtz). The firm is currently serving as Co-Lead Counsel in a consumer class action against Microsoft Corporation alleging violations of the Tennessee Consumer Protection Act and the Tennessee Trades Practices Act as a result of defendant Microsoft's unlawful monopolization of the market for licensing all Intel-compatible PC operating systems. The suit is brought on behalf of persons or entities in the State of Tennessee who purchased for purposes other than re-sale or distribution during the last four years Intel-compatible PC operating systems licensed by Microsoft. The court has

preliminary approved a settlement with a conservative minimum value worth at least $32 million. The firm was responsible for the decision, *Sherwood v. Microsoft*, No. 99C-3562, 2003 WL 21780975 (Tenn. Ct. App. Aug 2, 2004), which held that indirect purchasers had standing to sue under the Tennessee Trades Practices Act ("TTPA") and the TTPA applies to activity that has substantial effects on commerce within the state of Tennessee.

• *Wright v. Mylan Laboratories, et al.*, Civ. No. 99C-37 (Sumner Cty. Chancery Ct.) (Chancellor Grey). The firm served as one of Plaintiff's counsel in an action brought on behalf of Tennessee consumers alleging violations of the state's consumer and antitrust laws charging drug manufacturers with entering illegal agreements to monopolize the markets for the generic anti-anxiety drugs Lorazepam and Clorazepate. The claims of the Tennessee action were resolved as a result of a nationwide settlement of $100 million. *See In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369 (D.C. Cir. 2002).

• *In re Cardizem CD Antitrust Litiagation*, MDL No. 99-MD-1278 (E.D. Mich.) (J. Edmunds). The firm served as one of Plaintiff's counsel in a consolidated action transferred by the Judicial Panel of Multidistrict of Litigation to the Eastern District of Michigan. The suit alleges violations of the Tennessee consumer and antitrust laws. The claims of the Tennessee action were resolved as a result of a nationwide settlement of $80 million. *See In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003).

• *Wilkinson v. E.I. Dupont de Numerous & Co., et al.*, Civ. No. 98-1188-III (Davidson

Cty. Circuit Ct. (Chancellor Lyle). The firm served as Co-Lead Counsel in an action brought on behalf of consumers who purchased the prescription drug Coumadin. The action was brought under the Tennessee Consumer Protection Act and the Tennessee Trades Practices Act. The claims of the Tennessee action were resolved as a result of a nationwide settlement of $44.5 million. *See In re: Warfarin Sodium Antitrust Litig.*, 391 F.3d 516 (3rd Cir. 2004).

## DERIVATIVE LITIGATION

• *Heinz Bonde, Derivatively on Behalf of the Singing Machine Company, Inc. V. Edward Steele*, Case No. 03-61386-CIV-ZLOCH (S.D. Fla.) (J. Zloch). The firm served as Plaintiffs' Counsel and was appointed Derivative Settlement Counsel in this shareholder derivative action brought on behalf of The Singing Machine Company against its Board of Directors and former auditor. The case was brought on behalf of the Company arising out of the defendants causing Singing Machine to be subjected to liability and to waste corporate assets as a result of issuing false and misleading financial statements and having to restate its past financial results. The case resulted in a settlement with the defendants agreeing to implement numerous and substantial corporate governance changes at the Company.

• *In re AFC Enterprises, Inc. Derivative Litigation*, Consolidated Civil Action No. 1:03-CV-TWT (N.D. Ga.) (J. Thrash). The firm served as Co-Lead Counsel and on Plaintiffs' Executive Committee in this shareholder derivative action brought on behalf of AFC Enterprises, Inc. ("AFC") against its Board of Directors and certain current and past officers and controlling shareholder in which the Court denied in most

aspects defendants motions to dismiss the action. *See In re AFC Enterprises Inc. Derivative Litigation*, 224 F.R.D. 515 (N.D. Ga. Aug. 12, 2004). The case resulted in a settlement with the defendants agreeing to implement numerous and significant corporate governance changes.

## OTHER

• *Craft v. Vanderbilt University, et al.,* Civ. No. 3-94-0090 (M.D. Tenn.) (J. Nixon). The firm served as co-counsel in a class action brought against Vanderbilt University, its medical center and others in connection with 1940s experiment in which pregnant women unknowingly ingested radioactive iron isotopes. The case resulted in a settlement of $10 million. In certifying this extremely complex case as a class action, the Court specifically found plaintiffs' counsel to be adequate as they had "previously handled complex class action cases." *See Craft v. Vanderbilt*, 174 F.R.D. 396, 406 (M.D. Tenn. 1996).

• *In re Corrections Corporation of America Shareholder Litigation*, Civ. No. 98-1257-III (Davidson Cty. Chancery Ct.) (Chancellor Lyle). The firm served as a member of Plaintiffs' Executive Committee in a class action brought on behalf of former Corrections Corporation of America shareholders alleging breach of fiduciary duty in connection with the merger between Corrections Corporation of America and Prison Realty Trust. The case resulted in a settlement with a value of $32 million to the Plaintiff class.

• *Heilman v. Perfection Corporation, et al.*, Civ. No. 99-0679-CW-W-6 (W.D. Mo.). The firm served as one of Plaintiffs' counsel in a

-6-

nation-wide class action composed of all persons throughout the United States who own or purchased a hot water heater manufactured by defendants with a defective Dip Tube. The case resulted in a multi-million dollar nation-wide settlement.

## ACTIVE CASES

The firm is currently serving as Lead Counsel, Co-Counsel, Liaison Counsel or Plaintiffs' Counsel in numerous complex class actions and derivative cases pending in state and federal courts throughout the country as well as in front of the Multidistrict Panel of Litigation. Among the more prominent of these are:

## DERIVATIVE LITIGATION

•*In re: Fannie Mae Derivative Litigation,* Consolidated Civil Action 04-1783 (RJL). The firm was appointed Co-Lead Counsel in this complex shareholder derivative action. *See Horns ex rel. v. Raines,* 227 F.R.D. 1, 3-4 (D.D.C. 2005) (appointing firm co-lead counsel in and noting the experience and success of the firm in this type litigation). This consolidate shareholder derivative litigation is brought derivatively on behalf of Fannie Mae against numerous of its current and/or former officers and directors alleging breach of fiduciary duties and other violations of law in connection with the Company's accounting manipulations leading to one of the largest financial restatements in U.S. history.

• *Plumbers & Pipefitters Local 572 Pension Fund, Derivatively on Behalf of Nominal Defendant Provident Financial Group, Inc. v. Jack M. Cook, et al.,* Case No. C-1-03-168 (S.D. Ohio) (J. Rice). The firm is currently serving as Chair of Plaintiffs' Executive Committee in this shareholder derivative action brought on behalf of Provident Financial Group, Inc. ("Provident") against its Board of Directors and certain current and past officers. The case seeks damages on behalf of Provident and asserts claims for Breach of Fiduciary Duties, Abuse of Control, Constructive Fraud, Gross Mismanagement, Waste of Corporate Assets, Unjust Enrichment, Breach of Fiduciary Duties for Insider Selling and Misappropriation of Information and for Violations of the Sarbanes-Oxley Act of 2002. The case arises out of the defendants causing Provident to be subjected to enormous liability and to waste corporate assets as a result of issuing false and misleading financial statements and having to restate its past financial results.

• *In re Micromuse, Inc. Derivative Litigation*, Consolidated Civil Action No. GGC-04-428489 (California Sup. Ct. (J. Robertson). The firm is currently serving on Plaintiffs' Executive Committee in this shareholder derivative action brought on behalf of Micromuse, Inc. ("Micromuse") against its Board of Directors and certain current and past officers alleging breaches of fiduciary duty and other violations of law. The case arises out of the defendants causing Micromuse to be subjected to enormous liability and to waste corporate assets as a result of issuing false and misleading financial

statements and having to restate its past financial results.

• *In re The Goodyear Tire & Rubber Company Derivative Litigation*, Consolidated Case No. 5:03-cv-02180 (N.D. Ohio) (J. Adams). The firm is currently serving as Plaintiffs' Counsel in this shareholder derivative action brought on behalf of The Goodyear Tire & Rubber Company ("Goodyear") against its Board of Directors and certain current and past officers alleging breaches of fiduciary duty and other violations of law. The case arises out of the defendants causing Goodyear to be subjected to enormous liability and to waste corporate assets as a result of issuing false and misleading financial statements and having to restate its past financial results.

• *In re eUniverse Derivative Litigation*, Lead Case No. BC296895 (California Sup. Ct.) (J. McCoy). The firm is currently serving as Co-Lead Counsel in this shareholder derivative action brought on behalf of eUniverse, Inc. against its Board of Directors and certain officers. The case seeks damages on behalf of eUniverse and asserts claims for Breach of Fiduciary Duties, Abuse of Control, Gross Mismanagement, Waste of Corporate Assets, Unjust Enrichment, and Breach of Fiduciary Duties for Insider Selling and Misappropriation of Information.

• *Kandy Kendall, on Behalf of Guidant Corporation v. James M. Cornelius, et al.*, Cause No.. 49D05-0306-CT-1177 (Indiana Sup. Ct.) (J. Miller). The firm is currently serving as Plaintiffs' Counsel in this derivative action brought on behalf of Guidant Corporation ("Guidant") against its Board of Directors. The case arises out of the defendants causing Guidant to enter into a plea agreement with the United States for violations of FDA laws and regulations and pay a fine of $92.4 representing the largest settlement ever paid by a defendant for failure to report medical malfunction in a medical device to the FDA. The Plaintiff seekins damages on behalf of Guidant and asserts claims for Breach of Fiduciary Duty, Abuse of Control, Gross Mismanagement and Corporate Waste.

• *In re Biopure Corporation Derivative Litigation*, Master Docket No. 1:04-cv-10177-NG (D. Mass) (J. Gertner). The firm was appointed Co-Lead Counsel in this consolidated derivative action brought on behalf of Biopure Corporation ("Biopure" or the "Company") against its Board of Directors and certain officers seeking damages on behalf of the Company for the defendants breaches of fiduciary duties and other violations of law arising out defendants' issuance of false and misleading financial statements and press releases concerning the misrepresentation of the status of approval of the Company's primary pharmaceutical products before the FDA.

• *Bencosme, et al. v. Ortino, et al.*, Case No. 1:04-cv-01627 (N.D. Ohio) (J. O'Malley). The firm is currently serving as Plaintiffs' Counsel in this shareholder derivative action brought on behalf of Ferro Corporation ("Ferro") against its Board of Directors and certain current and past officers alleging breaches of fiduciary duty and other violations of law. The case arises out of the defendants causing Ferro to be subjected to enormous liability and to waste corporate assets as a result of issuing false and misleading financial statements by overstating the Company's earnings through accounting manipulation.

• *McSparren v. Larson, et al.*, Case No. 04-cv-4778 (N.D. Ill.) (J. Anderson). The firm is currently serving as Plaintiffs' Counsel in this shareholder derivative action brought on behalf of Career Education Corporation. ("CEC") against its Board of Directors and certain current and past officers alleging breaches of fiduciary duty and other violations of law including engaging in massive insider trading during the relevant period. The case arises out of the defendants causing CEC to be subjected to enormous liability and to waste corporate assets as a result of issuing false and misleading financial statements during the relevant period.

• *In re Friedman's, Inc. Derivative Litigation*, Master Docket Number 03-CV-3831 (N.D. Ga) (J. Duffey). The firm is currently serving as Plaintiffs' Counsel in this shareholder derivative action brought on behalf of Friedman's, Inc. ("Friedman's") against its Board of Directors and certain current and past officers, controlling shareholder, outside auditor and other related entities, alleging breaches of fiduciary duty and other violations of law. The case arises out of the defendants causing Friedman's to be subjected to enormous liability and to waste corporate assets as a result of issuing false and misleading financial statements and having to restate its past financial results.

## ERISA

• *In re Qwest Savings and Investment Plan Erisa Litigation*, Case No. 02-RB-464 (PAC) (D. Colo.) (J. Blackburn). The firm is currently serving as Plaintiffs' Counsel in a class action brought against Qwest Communications International and its officers and directors. This action was brought on behalf of all participants and beneficiaries of the Qwest Savings and Investment Plan, a 401(k) plan operated and established by Qwest, and alleges breach of fiduciary duty and violations of ERISA disclosure requirements. The suit alleges that plan restrictions deprived Plaintiffs of control over their plan assets, forcing Plaintiffs to concentrate their assets in company stock. Moreover, Plaintiffs could not exercise independent control over their plan assets due to improper influences and/or concealed materials and non-public facts regarding certain investments.

• *In re Broadwing, Inc. ERISA Litigation*, Case No. C-1-02-857 (S.D. Ohio) (J. Beckwith). The firm is currently serving as Plaintiffs' Counsel in a class action brought against Broadwing, Inc. and its officers and directors. This action was brought on behalf of all participants and beneficiaries of the Broadwing Savings and Investment Plan, a 401(k) plan operated and established by Qwest, and alleges breach of fiduciary duty and violations of ERISA disclosure requirements.

## ANTITRUST

• *In re High Pressure Laminate Antitrust Litigation.*, Civ. No. 00C-1989 (Davidson Cty. Circuit Ct.) (J. Shipley). The firm is currently serving as Plaintiffs' Co-Lead counsel in a consumer class action against manufacturers of high pressure laminates ("HPL")(such as used for countertops). The suit alleges that consumers payed superinflated prices for HPL as a result of price fixing the HPL industry. The suit is brought under the Tennessee Consumer Protection Act and the Tennessee Trade

Practices Act and seeks certification of a class consisting of all Tennessee consumers and consumers in Alabama, Kansas, Maine, Michigan Minnesota, Mississippi, New Mexico, New York, North Carolina, North Dakota, South Dakota, West Virginia, Wisconsin, and the District of Columbia.

### SECURITIES FRAUD

• *Malin, et al. v. XL Capital, Ltd., et al.*, Civil No. 3:03-CV-201 (SRU) (D. Conn.). The firm is currently serving as Co-Lead Counsel in this securities fraud class action against XL Capital, Ltd. and certain of its officers alleging violations of the federal securities laws.

• *In re Bridgestone Securities Litigation*, aster File No. 3:01-0017 (M.D. Tenn.) (J. Echols). The firm is currently serving as Plaintiffs' Liaison Counsel in an action brought against Bridgestone and its officers and directors in an action alleging violations of federal securities laws.

• *In re UnumProvident Corp. Securities Litigation*, Lead Case No. 1:03-CV-049 (E.D. Tenn.) (J. Collier). The firm was appointed Liaison Counsel in an action brought against UnumProvident Corporation and its officers and directors in an action alleging violations of federal securities laws.

### ATTORNEYS

Below is a biography of each attorney in the office who focuses their practice of class action litigation.

### GEORGE E. BARRETT

**GEORGE E. BARRETT** practices Labor Law, Government Law, and Civil Litigation . He was admitted to the Tennessee Bar in 1957. He is also admitted to practice in the U.S. District Court of the Middle District of Tennessee, the U.S. Court of Appeals, Sixth Circuit, and the United States

Supreme Court. Mr. Barrett was graduated from the Vanderbilt Law School in 1957. He received a B.S.S. degree from Spring Hill College in 1952, and a Diploma in Economics and Politics from Oxford University, England in 1953.

Mr. Barrett has been involved in class action litigation for over 40 years. Mr. Barrett is the original counsel in the oldest pending class action case on the docket in the Middle District of Tennessee, and has been the model for similar cases in the South. The case, *Geier, et al. v. Sundquist, et al.* Civ. No. 5077 (M.D. Tenn.) (J. Wiseman), was originally filed in 1968, challenging the entire system of public higher education in Tennessee. Mr. Barrett continues to serve as original Plaintiff's counsel. The case resulted in significant changes in public higher education throughout the State of Tennessee including the dismantling of a dual system of education and resulted in benefits totaling in excess of $200 million.

Mr. Barrett has extensive experience in ERISA litigation. He litigated and finally settled on appeal a class action case worth approximately $70 million in *United Rubber, Cork, Linoleum & Plastic Workers of America, et al. v. Pirelli Armstrong Tire Corporation, et al.*, Civ. No. 3-94-0573 (M.D. Tenn.)(J. Nixon). Mr. Barrett also served as the Court appointed monitor in an ERISA action styled *Secretary of Labor v. Carroll, et al.*, Case No. 3-88-1097 (M.D. Tenn) (J. Higgins), wherein he was appointed to monitor the order of the Court in regards to the fiduciary duties of the Trustees. He served in that capacity for two years.

For the last several years, Mr. Barrett has concentrated a significant part his practice in the area of class action litigation, with a particular emphasis on securities, antitrust and consumer fraud litigation. Mr. Barrett currently serves as Co-Lead Counsel, Liaison Counsel, Co-Counsel, or is on the Executive Committee of class lawyers in multiple pending class actions throughout Tennessee. Examples of recent class actions in which Mr. Barrett played a significant role in achieving a substantial settlement include: *In re Dollar General Corp. Securities Litigation*, Case No. 3:01-0388 (M.D. Tenn.) (J. Wiseman) (Mr. Barrett served as Plaintiffs' Liaison Counsel in an action brought against Dollar General Corporation and its officers and directors in an action alleging violations of federal securities laws. The case resulted in a settlement of $162 million. This is the largest securities class action settlement in 6th Circuit and Tennessee history and represents the eighth largest settlement of a securities class action since the passage of the Private Securities Litigation Reform Act in 1995); *In re Prison Realty Securities Litigation*, Civ. No. 3-99-0452 (M.D. Tenn) (J. Campbell) (Mr. Barrett served as Liaison Counsel of Plaintiffs' Executive Committee in an action brought against Prison Realty Trust, Inc. and its officers and directors in an action alleging violations of federal securities laws. The case was consolidated with two other related cases which resulted in a settlement of approximately $107 million. This is the largest securities class action settlement in Tennessee history); *Craft v. Vanderbilt University, et al*, Civ. No. 3-94-0090 (M.D. Tenn)(J. Nixon) (Mr. Barrett served as Co-Counsel in a class action brought against Vanderbilt University, its medical center and others in connection with 1940s experiment in which pregnant women unknowingly ingested radioactive iron isotopes. The case resulted in a settlement of $10 million); *In re Corrections Corporation of America Shareholder Litigation*, Civ. No. 98-1257-III (Davidson.

Cty. Chancery Ct.) (Chancellor Lyle) (Mr. Barrett served as a member of Plaintiffs' Executive
Committee in a class action brought on behalf of former Corrections Corporation of America
shareholders alleging breach of fiduciary duty in connection with the merger between Corrections
Corporation of America and Prison Realty Trust. The case resulted in a settlement with a value of
$32 million to the Plaintiff class); *United Rubber, Cork, Linoleum & Plastic Workers of America,
et al. v. Pirelli Armstrong Tire Corporation, et al.*, Civ. No. 3-94-0573 (M.D. Tenn.)(J. Nixon) (Mr.
Barrett served as co-counsel in a class action brought by former retirees of the United Rubber, Cork,
Linoleum & Plastic Workers of America for violations of ERISA. The case resulted in a settlement
with a value of approximately $70 million to the Plaintiff class); *Hutcheson, et al. v. Tennessee
Valley Authority, et al.*, Civ. No. 3-84-0201 (E.D. Tenn.) (J. Jarvis).(Mr. Barrett served as Plaintiff's
co-counsel for approximately 2000 female employees in a class action suit brought under Title VII
alleging wage discrimination. The case resulted in a settlement of approximately $5 million for the
class members.); *In re Sirrom Capital Corporation Securities Litigation*, Civ. No. 3-98-0643 (M.D.
Tenn.) (J. Campbell) (Mr. Barrett served as one of Plaintiffs' counsel in a securities class action
which resulted in a settlement of $15 million); *Paul Senior et al. v. ShoLodge, Inc., et al.*, Civ. No.
98C-136 (Sumner Cty. Chancery Ct.)(Chancellor Grey) (Mr. Barrett served as co-lead counsel in a
state securities class action brought on behalf of investors of ShoLodge, Inc. who purchases the
companies securities and bonds. The case resulted in a settlement valued, at least, at $1.55 million).
In addition, Mr. Barrett is currently serving as class counsel in numerous complex class and
derivative actions pending throughout federal and state courts in Tennessee and across the country.

Mr. Barrett is a member of Alpha Sigma Nu and Phi Delta Phi. He served as President of the
Tennessee Council on Human Relations from 1960-1961; Secretary, Tennessee Advisory
Committee, U.S. Commission on Civil Rights, 1960-1966; Deputy Public Defender, 1964-1965;
Member: Governor's Commission on Human Relations, 1964-1966; Tax-Study Commission, State
of Tennessee, 1966-1967; Governor's Task Force on Workmen's Compensation, State of Tennessee,
1973-1974; Advisory Commission to the Supreme Court of the State of Tennessee on the Rules of
Civil Procedure, 1975-1978; U.S. Court of Appeals, Sixth Circuit Judicial Conference (Life
Member); U.S. Civil Justice Reform Act Advisory Committee; Tennessee Supreme Court
Commission to Study Appellate Courts, 1990-1992; General Counsel for Metropolitan Development
and Housing Agency for twenty plus years, Selection Committee for U.S. Magistrate, Middle District
of Tennessee, 1985. He is a member of the Nashville, Tennessee (Chairperson, Labor Law Section,
1966) and American Bar Associations.

## DOUGLAS S. JOHNSTON, JR.

**DOUGLAS S. JOHNSTON, JR.,** is certified as a Civil Trial Specialist by the Tennessee
Commission on Continuing Legal Education & Specialization and certified in Civil Trial Advocacy
by the National Board of Trial Advocacy. He was admitted to the Tennessee bar in 1977; admitted
to practice before the U.S. District Court, Middle District of Tennessee in 1978; and admitted to
practice before the U.S. Supreme Court in 1985. Mr. Johnston received a J.D. degree from the
Nashville School of Law in 1977, and an A.B. degree from Kenyon College in 1969.

For the last several years, Mr. Johnston has concentrated a significant part his practice in the area of class action litigation, with a particular emphasis on securities and consumer fraud litigation. Mr. Johnston currently serves as Co-Lead Counsel, Liaison Counsel, Co-Counsel, or is on the Executive Committee of class lawyers in multiple pending class actions throughout Tennessee. Examples of recent class actions in which Mr. Johnston played a significant role in achieving a substantial settlement include: *In re Dollar General Corp. Securities Litigation*, Case No. 3:01-0388 (M.D. Tenn.) (J. Wiseman) (Mr. Johnston served as Plaintiffs' Liaison Counsel in an action brought against Dollar General Corporation and its officers and directors in an action alleging violations of federal securities laws. The case resulted in a settlement of $162 million. This is the largest securities class action settlement in 6th Circuit and Tennessee history and represents the eighth largest settlement of a securities class action since the passage of the Private Securities Litigation Reform Act in 1995); *In re Prison Realty Securities Litigation*, Civ. No. 3-99-0452 (M.D. Tenn) (J. Campbell) (Mr. Johnston served as Liaison Counsel of Plaintiffs' Executive Committee in an action brought against Prison Realty Trust, Inc. and its officers and directors in an action alleging violations of federal securities laws. The case was consolidated with two other related cases which resulted in a settlement of approximately $107 million. This is the second largest securities class action settlement in Tennessee history); *Craft v. Vanderbilt University, et al.* Civ. No. 3-94-0090 (M.D. Tenn)(J. Nixon) (Mr. Johnston served as co-counsel in a class action brought against Vanderbilt University, its medical center and others in connection with 1940s experiment in which pregnant women unknowingly ingested radioactive iron isotopes. The case resulted in a settlement of $10 million); *In re Corrections Corporation of America Shareholder Litigation*, Civ. No. 98-1257-III (Davidson. Cty. Chancery Ct.) (Chancellor Lyle) (Mr. Johnston served as a member of Plaintiffs' Executive Committee in a class action brought on behalf of former Corrections Corporation of America shareholders alleging breach of fiduciary duty in connection with the merger between Corrections Corporation of America and Prison Realty Trust); *In re Sirrom Capital Corporation Securities Litigation*, Civ. No. 3-98-0643 (M.D. Tenn.)(J. Campbell) (Mr. Johnston served as one of Plaintiffs' counsel in a securities class action which resulted in a settlement of $15 million); *Paul Senior et al. v. ShoLodge, Inc., et al.*, Civ. No. 98C-136 (Sumner Cty. Chancery Ct.) (Chancellor Grey) (Mr. Johnston served as co-lead counsel in a state securities class action brought on behalf of investors of ShoLodge, Inc. who purchases the company's securities and bonds. The case resulted in a settlement valued, at least, at $1.55 million). In addition, Mr. Johnston is currently serving as class counsel in numerous complex class and derivative actions pending in federal and state courts across the country.

He served as Assistant District Attorney General, Nashville, 1977-1981; Administrative Assistant/Legal Counsel, U.S. Rep. Bill Boner, 1982-1987; Associate Staff, Committee on Appropriations, U.S. House of Representatives, 1985-1987; Legislative Counsel, Metropolitan Government Nashville/Davidson Co., TN., 1988. Mr. Johnston is a member of the Nashville, Tennessee, American Bar Associations; The Association of Trial Lawyers of America; Tennessee Trial Lawyers Association; and the National Employment Lawyers Association.

### EDMUND L. CAREY, JR. (Of Counsel)

**EDMUND L. CAREY, JR.,** born Boston, Massachusetts, March 1, 1944; admitted to bar, 1986, Tennessee; 1988, U.S. District Court, Middle District of Tennessee; 1989, U.S. Court of Appeals, Sixth Circuit; 1990, U.S. Supreme Court. *Education:* Holy Cross College (A.B. 1965); Harvard University (M.D., 1970); Vanderbilt University (J.D., 1986), Order of the Coif. Member, Vanderbilt Law Review, 1984 - 1986. Author: Note, "Quick Termination of Insubstantial Civil Rights Claims: Qualified Immunity and Procedural Fairness," 38 Vanderbilt Law Review 1543, 1985. Lecturer in Law, Vanderbilt University 1989 - 1992. Law Clerk: U.S. District Court, Middle District of Tennessee, 1986 - 1987; U.S. Court of Appeals, Sixth Circuit, 1987 - 1988; Chair, Federal Courts Committee, Nashville Bar Association 1991; Deputy Co-Chair, Federal Civil Justice Reform Act Advisory Group, Middle District of Tennessee, 1991 - 1995; Associate Member, Harry Phillips Inn of Court, 1990 - 1992. *Member*: Nashville Bar Foundation, Nashville Bar Association; *Former Member*: Tennessee and American Bar Associations; Tennessee Trial Lawyers Association; Association of Trial Lawyers of America. [With U.S. Public Health Service, 1971 - 1973]. *PRACTICE AREAS:* Litigation, civil and criminal; appellate practice; professional malpractice, antitrust; toxic torts; products liability; constitutional law, labor and civil rights; class actions; complex litigation.

### TIMOTHY L. MILES

**TIMOTHY L. MILES** received a Bachelor of Science in Psychology from Belmont University in Nashville, Tennessee in 1993 and his J.D. from the Nashville School of Law in May 2001, graduating third in his class, and was made a member of the Honorable Society of Cooper's Inn which is reserved for students graduating in the top ten percent of their class. He is admitted to practice before the Tennessee Supreme Court; the United States District Court for the Western, Middle and Eastern Districts of Tennessee and the District of Colorado; and the Sixth Circuit Court of Appeals. He is a member of the Nashville Bar Association; Tennessee Bar Association; American Trial Lawyers Association; Tennessee Trial Lawyers Association; and Harry Phillips American Inns of Court (Student Member 2000). Mr. Miles focuses his practice on class action litigation, including cases involving violations of federal securities law, ERISA, federal and state antitrust law, state consumer protection, employment discrimination, products liability and shareholder derivative litigation. Mr. Miles is currently serving as class counsel in numerous complex class and derivative actions pending in federal and state courts across the country.

### GERALD E. MARTIN

**GERALD E. MARTIN** received his law degree in 1999 from Stanford School of Law, where he served as associate editor of The Stanford Law Review. Jerry is a 1996 graduate of Dartmouth College. Mr. Martin focuses his practice on class action litigation, including cases involving violations of federal securities law, ERISA, federal and state antitrust law, state consumer protection, employment discrimination, products liability and shareholder derivative litigation. Mr.

Martin is currently serving as class counsel in numerous complex class and derivative actions pending in federal and state courts across the country.

## <u>REPORTED DECISIONS</u>

The firm has been counsel for several important reported decisions in class action litigation, particularly in Tennessee and the Sixth Circuit, some of which are listed below:

*Raines v. Howard,*
> 227 F.R.D.1 (D.D.C. 2005)

*In re AFC Enterprises Inc. Derivative Litig.,*
> 224 F.R.D. 515 (N.D. Ga. Aug. 12, 2004)

*In re Xcel Energy, Inc., Securities, Derivative & "ERISA" Litigation,*
> 312 F.Supp.2d 1165 (D. Minn. 2004)

*Geier v. Sundquist,*
> 372 F.3d 784 (6th Cir. 2004)

*Castillo v. Envoy Corp.,*
> 206 F.R.D.464 (M.D. Tenn. 2002)

*In re Envoy Securities Litigation,*
> 133 F.Supp.2d 647 (M.D. Tenn. 2001)

*Geier v. Sundquist,*
> 128 F.Supp.2d (M.D. Tenn. 2001)

*Sherwood v. Microsoft,*
> 91 F.Supp.2d 1196 (M.D. Tenn. 2000)

*In re Prison Realty Securities Litigation,*

-15-

117 F.Supp.2d 681 (M.D. Tenn. 2000)

*Katt v. Titan Acquisitions*,
    133 F.Supp.2d 632 (M.D. Tenn. 2000)

*In re Sirrom Capital Corp. Securities Litigation*,
    84 F.Supp.2d 933 (M.D. Tenn. 1999)

*Craft v. Vanderbilt*,
    18 F.Supp.2d 786 (M.D. Tenn. 1999)

*Craft v. Vanderbilt*,
    940 F.Supp.1185 (M.D. Tenn. 1996)

*Craft v. Vanderbilt*
    174 F.R.D. 396 (M.D. Tenn. 1996)

*United Rubber, Cork Linoleum & Plastic Workers of America,*
*AFL-CIO, CLC v. Pirelli Armstrong Tire Corporation*,
    873 F.Supp. 1093 (M.D. Tenn. 1994)

*Geier v. Alexander*,
    801 F.2d 799 (6th Cir. 1986)

*Hutcheson v. Tennessee Valley Authority*,
    604 F.Supp. 543 (M.D. 1985)

*Geier v. Alexander*
    593 F.Supp. 1263 (M.D. Tenn. 1984)

*Brown v. Alexander*,
    718 F.2d 1417 (6th Cir. 1983)

-16-

*Brown v. Alexander*
  516 F.Supp. 607 (M.D. Tenn. 1981)
*Geier v. Alexander*,
  597 F.2d 1056 (6th Cir. 1979)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILLIAM LOWE, On Behalf Of Himself And All Others Similarly Situated<br><br>801 N. Monroe St, Apt 901<br>Arlington, Virginia 22201<br><br>               Plaintiff,<br><br>         v.<br><br>NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. AND EDS CORPORATION<br><br>             Defendants. | Case Number:1:06CV00280<br>Judge: Reggie B. Walton<br>Deck Type: Contract<br>Date Stamp: 02/152006 |

| | |
|---|---|
| TIMOTHY WALLIN, On Behalf Of Himself And All Others Similarly Situated<br><br>912 Roanoke Drive<br>Springfield, Illinois 62702<br><br>               Plaintiff,<br><br>         v.<br><br>NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.<br><br>             Defendant. | Case Number: 1:06CV00382<br>Judge: Emmet G. Sullivan<br>Deck Type: Contract<br>Date Stamp: 03/03/2006 |

LINDA CUTLER, On Behalf Of Herself And All
Others Similarly Situated

92 Atlantic Avenue, Apt. 2A
Brooklyn, New York 11201

                 Plaintiff,

        v.

NATIONAL ASSOCIATION OF SECURITIES
DEALERS, INC.

               Defendant.

Case Number: 1:06CV00525
Judge: Reggie B. Walton
Deck Type: Contract
Date Stamp: 03/21/2006

---

JENNIFER HESTER and JASON PLUNKETT, On
Behalf Of Themselves And All Others Similarly
Situated,

8133 High Drive
Leawood, Kansas 66206

129 Taggert Avenue
Nashville, Tennessee 37205

               Plaintiffs,

        v.

NATIONAL ASSOCIATION OF SECURITIES
DEALERS, INC.,

               Defendant.

Case Number: 1:06CV00554
Judge: Reggie B. Walton
Deck Type: Contract
Date Stamp: 03/23/2006

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## UNOPPOSED PROPOSED PRETRIAL ORDER NO. 1

Pursuant to the agreement of certain Plaintiffs and the Defendants and in accordance with Fed.R.Civ.P. 42(a), it is hereby Ordered:

### I. Consolidation.

The above-captioned actions and all other cases that relate to the same subject-matter that have been filed or are subsequently filed in or transferred or removed to this court are hereby consolidated into one action (the "Consolidated Action") for all purposes, pursuant to Fed.R.Civ.P. 42. This Order shall apply as specified to the Consolidated Action and to each case that relates to the same subject matter that is filed or will be filed in this Court, or transferred, or removed to this Court, and is consolidated with the Consolidated Action.

### II. Caption of the Case.

Every pleading filed in the consolidated action shall have the following caption:

| | | |
|---|---|---|
| IN RE: SERIES 7 EXAM SCORING LITIGATION | ) ) ) | MASTER DOCKET NO. 06-CV-280 (RBW) |

### III. Master Docket And Master Files.

i.   A Master File is hereby established for this proceeding. The Master File shall be Case No. 06-CV-280(RBW). The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket.

ii.  An original of this Order shall be filed by the Clerk in the Master File.

3

iii.    The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Action.

## IV.  Newly Filed Or Transferred Actions

This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of the Consolidated Action.

When a case that arises out of the same subject matter as the Consolidated Action is filed in this Court or transferred or removed from another court, the Clerk of this court shall:

(1)    File a copy of this Order in the separate file for such actions;

(2)    Serve a copy of this Order on the attorneys for the Plaintiff(s) in the newly-filed or transferred or removed case and to any new defendant(s) in the newly-filed or transferred or removed case; and

(3)    Make the appropriate entry in the master docket for the Consolidated Action.

Each new case that arises out of the subject matter of the Consolidated Action which is filed in this Court or transferred or removed to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of any Defendant's right to object to consolidation of any subsequently-filed or transferred or removed related action.

4

## V. <u>Organization Of Plaintiffs' Counsel</u>

1.    The Court hereby appoints Barrett, Johnston & Parsley, as Lead Counsel. Lead Counsel is designated to act as spokesperson Plaintiffs, along with Liaison Counsel, in all matters before the Court.

2.    The Court hereby appoints Cuneo, Gilbert & Laduca, LLP, as Liaison Counsel for the Plaintiffs in this action. Liaison Counsel is designated on behalf of all Plaintiffs, and in coordination with the lead counsel, to:

  i. Receive and distribute all correspondence, motions, pleadings and other documents concerning pretrial discovery and motions;

  ii. To communicate with the Court on behalf of Plaintiffs;

  iii. Assist the Lead Counsel in resolving any questions or suggestions by the Court or by any counsel for Plaintiffs concerning pretrial discovery, motions, interim appeals, or the trial of the lawsuit.

  iv. Coordinate with the Executive Committee; and

  v. Perform such other functions as may be expressly authorized by further order of this Court.

3.    The Court hereby appoints an Executive Committee of Plaintiffs' counsel which consists of the following members:

  Balestriere PLLC;

  Lerach, Coughlin, Stoia, Gellar, Rudman & Robbins, LLP; and

  Berger & Montague, P.C.

4.    Lead counsel, along with the Executive Committee, shall be responsible for the prosecution of the litigation and shall coordinate and direct:

    i.    All pretrial discovery proceedings;

    ii.    Briefing and argument of motions;

    iii.    Meetings of Plaintiffs' counsel for purposes of proposing joint actions as deemed necessary;

    iv.    Conducting of expert discovery;

    v.    The preparation for and trial of this action; and

    vi.    Any and all settlement negotiations with Defendants.

5.    Lead counsel, along with the Executive Committee, shall work with the other Plaintiffs' counsel who have appeared in the Consolidated Action and shall assign work and responsibility to such counsel in a fair and equitable manner so as to avoid unnecessary duplication of effort.

## VI. Consolidated Complaint

Plaintiffs shall have 20 days from the entry of this Order to file and serve a single consolidated complaint. The Consolidated Complaint will supersede all existing complaints filed in this action. Defendants need not respond to any of the pre-existing complaints. Service of the case shall be effective with respect to any Defendant named in the Consolidated Action by serving the Consolidated Complaint on Defendants' counsel.

Each Defendant shall answer or otherwise respond to the Consolidated Complaint no later than 30 days from the date of service. If a Motion to Dismiss is filed by a Defendant, then Plaintiffs shall have 30 days from the date of service of the motion to file a response, and the moving Defendant shall have 30 days from the date of service of the response to file a reply.

The deadlines specified in this section may be extended or modified by agreement of the parties or further order of the Court.

### VII.  No Waiver

Nothing in this Order shall be construed as a waiver of any defendant's right to argue in any forum, including before the Judicial Panel on Multidistrict Litigation (the "MDL Panel"), that all cases should be consolidated in a forum other than the District Court for the District Columbia.  Furthermore, nothing in this Order shall be construed as a waiver of any defendant's right to seek a stay of the Consolidated Actions pending a determination by the MDL Panel.  All other matters are reserved.


IT IS SO ORDERED this _____ day of _____, 2006.


_____
UNITED STATES DISTRICT JUDGE

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April, 2006, I caused one copy of Plaintiffs'

Unopposed Motion for Consolidation and Case Management Including the Organization

and Leadership of Plaintiffs' Counsel and Supporting Statement of Points and

Authorities, as well as, Unopposed Proposed Pretrial Order No. 1. to be sent via facsimile

to all attorneys listed on the attached Service List.

Steven N. Berk

**SERVICE LIST**

George Barrett
Gerald Martin
Barrett Johnston & Parsley
217 Second Ave., North
Nashville, Tennessee 37201
Facsimile: (615) 252-3798

*Attorneys for Jason Plunkett*

John Balestriere
Balestriere, PLLC
225 Broadway, Suite 2700
New York, New York
Facsimile: (212) 208-2613

*Attorney for Linda Cutler*

Sherrie R. Savett
Michael T. Fantini
Berger & Montague, PC
1622 Locust St.
Philadelphia, PA 19103
Facsimile: (215) 875-4604

*Attorneys for Plaintiff Jennifer Hester*

Nancy M. Juda
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1100 Connecticut Ave., NW, Suite 730
Washington, DC 20036
Facsimile: (202) 828-8528

*Attorney for Timothy Wallin*


Richard M. Volin
Michael G. McClellan
Finkelstein, Thompson & Loughran
1050 30th St., NW
Washington, DC 20007
Facsimile: (202) 337-8090

Steven A. Schwartz
Chimicles & Tikellis, LLP
One Haverford Centre
Haverford, PA 19041
Facsimile: (610) 649-3633

*Attorneys for Nassim Ketita*

Joseph F. Warin
William Jay
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave., NW
Washington, DC 20036

*Attorneys for NASD, Inc.*

James P. Karen
Jones Day
2727 North Harwood St.
Dallas, TX 75201
Facsimile: (214) 969-5100

*Attorney for EDS Corp.*