# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

WILLIAM LOWE, On Behalf Of Himself And All
Others Similarly Situated

801 N. Monroe St, Apt 901
Arlington, Virginia 22201

                          Plaintiff,

           v.

NATIONAL ASSOCIATION OF SECURITIES
DEALERS, INC. AND EDS CORPORATION

                          Defendants.

Case Number:1:06CV00280
Judge: John D. Bates
Deck Type: Contract
Date Stamp: 02/152006

---

TIMOTHY WALLIN, On Behalf Of Himself And
All Others Similarly Situated

912 Roanoke Drive
Springfield, Illinois 62702

                          Plaintiff,

           v.

NATIONAL ASSOCIATION OF SECURITIES
DEALERS, INC.

                          Defendant.

Case Number: 1:06CV00382
Judge: John D. Bates
Deck Type: Contract
Date Stamp: 03/03/2006

LINDA CUTLER, On Behalf Of Herself And All
Others Similarly Situated

92 Atlantic Avenue, Apt. 2A
Brooklyn, New York 11201

                    Plaintiff,

          v.

NATIONAL ASSOCIATION OF SECURITIES
DEALERS, INC.

                    Defendant.

Case Number: 1:06CV00525
Judge: John D. Bates
Deck Type: Contract
Date Stamp: 03/21/2006

---

JENNIFER HESTER and JASON PLUNKETT, On
Behalf Of Themselves And All Others Similarly
Situated,

8133 High Drive
Leawood, Kansas 66206

129 Taggert Avenue
Nashville, Tennessee 37205

                    Plaintiffs,

          v.

NATIONAL ASSOCIATION OF SECURITIES
DEALERS, INC.,

                    Defendant.

Case Number: 1:06CV00554
Judge: John D. Bates
Deck Type: Contract
Date Stamp: 03/23/2006

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## MOTION FOR CONSOLIDATION AND CASE MANAGEMENT INCLUDING THE ORGANIZATION AND LEADERSHIP OF PLAINTIFFS' COUNSEL

Plaintiffs William Lowe, Timothy Wallin, Linda Cutler, Jennifer Hester, and Jason
Plunkett respectfully request that this Court grant this motion for consolidation and case
management proposal including the organization and leadership of Plaintiffs' counsel for the
above referenced cases and all other cases that (1) have been filed in this district (2) are

subsequently transferred or removed to this district or (3) are filed in this district in the future. In support of this Motion Plaintiffs rely upon the memorandum of points and authorities submitted herewith.

Respectfully Submitted

Dated: July _____, 2006

_/s/ Jonathan W. Cuneo_
Jonathan W. Cuneo, Esq. (D.C. Bar # 939-389)
Steven N. Berk, Esq. (D.C. Bar # 432-870)
David W. Stanley, Esq. (D.C. Bar # 174-318)
William H. Anderson, Esq.
CUNEO, GILBERT & LADUCA, LLP
507 C Street, NE
Washington, DC 20002

George E. Barrett, Esq.
Douglas S. Johnston, Jr., Esq.
Gerald E. Martin, Esq.
Timothy L. Miles, Esq.
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, Tennessee 37201

Robert M. Rothman, Esq.
LERACH, COUGHLIN, STOIA, GELLER,
RUDMAN & ROBBINS, LLP
58 South Service Road, Suite 200
Melville, NY 11747

Sherrie R. Savett, Esq.
Michael Fantini, Esq.
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

John Balestriere, Esq.
Catherine Riccards, Esq.
BALESTRIERE, PLLC
225 Broadway, Suite 2700
New York, NY 10007

_COUNSEL FOR PLAINTIFFS_

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

WILLIAM LOWE, On Behalf Of Himself And All
Others Similarly Situated

801 N. Monroe St, Apt 901
Arlington, Virginia 22201

                    Plaintiff,

        v.

NATIONAL ASSOCIATION OF SECURITIES
DEALERS, INC. AND EDS CORPORATION

            Defendants.

Case Number:1:06CV00280
Judge: John D. Bates
Deck Type: Contract
Date Stamp: 02/152006

TIMOTHY WALLIN, On Behalf Of Himself And
All Others Similarly Situated

912 Roanoke Drive
Springfield, Illinois 62702

                    Plaintiff,

        v.

NATIONAL ASSOCIATION OF SECURITIES
DEALERS, INC.

            Defendant.

Case Number: 1:06CV00382
Judge: John D. Bates
Deck Type: Contract
Date Stamp: 03/03/2006

LINDA CUTLER, On Behalf Of Herself And All
Others Similarly Situated

92 Atlantic Avenue, Apt. 2A
Brooklyn, New York 11201

                Plaintiff,

      v.

NATIONAL ASSOCIATION OF SECURITIES
DEALERS, INC.

              Defendant.

Case Number: 1:06CV00525
Judge: John D. Bates
Deck Type: Contract
Date Stamp: 03/21/2006

---

JENNIFER HESTER and JASON PLUNKETT, On
Behalf Of Themselves And All Others Similarly
Situated,

8133 High Drive
Leawood, Kansas 66206

129 Taggert Avenue
Nashville, Tennessee 37205

              Plaintiffs,

      v.

NATIONAL ASSOCIATION OF SECURITIES
DEALERS, INC.,

              Defendant.

Case Number: 1:06CV00554
Judge: John D. Bates
Deck Type: Contract
Date Stamp: 03/23/2006

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## MEMO IN SUPPORT OF PLAINTIFFS' MOTION FOR CONSOLIDATION AND CASE MANAGEMENT INCLUDING THE ORGANIZATION AND LEADERSHIP OF PLAINTIFFS' COUNSEL

Plaintiffs William Lowe, Timothy Wallin, Linda Cutler, Jennifer Hester, and Jason

Plunkett respectfully request that in accordance with Fed. R. Civ. P. 42(a) this Court grant the

attached motion for consolidation and case management proposal including the organization and

leadership of Plaintiffs' counsel for the above referenced cases and all other cases that (1) have been filed in this district (2) are subsequently transferred or removed to this district or (3) are filed in this district in the future.

On June 27, 2006, the Judicial Panel on Multidistrict Litigation (the "Panel") entered a Transfer Order pursuant to 28 U.S.C. § 1407, transferring five other actions outside of the District of Columbia to this Court and assigning those cases to the Honorable John D. Bates for coordinated and consolidated pretrial proceedings with those actions already pending in this district. See Exhibit A. In support of this request, Plaintiffs submit the following Statement of Points and Authorities.

Additionally, pursuant to Judge Walton's Order on May 9, 2006, Plaintiffs in these four actions give notice to the Court of the Panel's decision attached as Exhibit A.

## STATEMENT OF THE FACTS

The above-captioned actions all relate to the same subject-matter, the announcement by defendant, the National Association of Securities Dealers ("NASD"), that a "computer glitch" resulted in a grading error on the Series 7 exam impacting nearly two thousand individuals who had taken the exam from October of 2004 through December of 2006. *Lowe v. Nat'l Assoc. of Securities Dealers, Inc. and EDS Corp.*, No. 1:06CV280, ¶ 1 (D.D.C. filed February 15, 2006). In a January 6, 2006, press release, the NASD acknowledged that the impacted individuals received failing grades when in fact they had earned a passing grade. *Id.* As a result, many of these individuals lost their jobs and suffered additional harm. *Id.* at ¶ 60.

On February 2, 2006, the law firm of Barrett Johnston & Parsley filed the first case in the nation relating to this issue. *Plunkett v. Nat'l Assoc. of Securities Dealers, Inc.*, No. 3:06CV89 (M.D. Tenn. filed February 2, 2006). In the weeks following that filing, additional cases were filed involving this same matter in the District of Columbia, *Lowe v. Nat'l Assoc. of Securities*

*Dealers, Inc. and EDS Corp.*, No. 1:06CV280 (D.D.C. filed February 15, 2006); *Wallin v. Nat'l*

*Assoc. of Securities Dealers, Inc. and EDS Corp.*, No. 1:06CV382 (D.D.C. filed March 3, 2006),

and the Southern District of New York, *Crabbe v. Nat'l Assoc. of Securities Dealers, Inc.*, No.

1:06CV1085 (S.D.N.Y. filed February 14, 2006); *Cutler v. Nat'l Assoc. of Securities Dealers,*

*Inc.*, No. 1:06CV1208 (S.D.N.Y. filed February 16, 2006); *Hester v. Nat'l Assoc. of Securities*

*Dealers*, No. 1:06cv1238 (S.D.N.Y. filed February 16, 2006).

Plaintiffs' counsel in the above referenced cases conferred extensively and concluded the

most appropriate place for these cases to proceed was in the District of Columbia. Subsequently,

the original case filed in the Middle District of Tennessee and the subsequent cases filed in the

Southern District of New York were voluntarily dismissed and re-filed in this District as related

cases. A petition for consolidation before the Panel filed by the Plaintiffs in *Hester v. Nat'l*

*Assoc. of Securities Dealers* – one of the actions in the Southern District of New York – became

moot once the cases were dismissed.

Subsequently, a new action was filed in the Southern District of New York, and as a

result, Defendant NASD petitioned the Panel for consolidation in that district. Counsel appeared

before the Panel on behalf of the Plaintiffs in the above styled actions and argued for the transfer

and consolidation of all related actions to this Court. No other attorneys appeared before the

Panel to argue for transfer to the District of Columbia. NASD's attorneys, along with attorneys

on behalf of one of the actions pending in New York, argued for all cases to be transferred to the

Southern District of New York. As stated above, the Panel ultimately ordered that all cases

before it be transferred to this District.

Plaintiffs, and their counsel, in each of the above styled cases have agreed to a leadership

and organizational structure to efficiently prosecute these cases and provide putative class

members with the best opportunity to prevail on its claims. It has been agreed that Barrett

Johnston & Parsley, the firm that filed the first case in the nation on this issue would serve as

lead counsel; Cuneo Gilbert & LaDuca, LLP would serve as liaison counsel and the firms of

Balestriere PLLC; Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP; and Berger &

Montague, P.C. would serve on the Executive Committee.

With a leadership and organizational structure in-place, including firms from around the

country very experienced in class action litigation, securities law and specifically standardized

testing cases, Plaintiffs' designated lead counsel approached counsel for the defendants NASD

and EDS to attempt to complete a stipulation to be presented to the Court that would enable these

cases to move forward efficiently and without expending undue resources of the court or parties.

On April 4, 2006, Plaintiffs in the above styled actions filed with the Court an Unopposed

Motion for Consolidation and Case Management Including the Organization and Leadership of

Plaintiffs' Counsel and Supporting Statement of Points and Authorities.  In that Motion, these

Plaintiffs sought the consolidation of all similar cases pending in the District of Columbia and

any subsequent cases that were filed or transfer to this District.  Additionally, Plaintiffs sought an

order establishing the exact same leadership structures as proposed here.  The Motion was denied

without prejudice in light of the NASD's pending petition before the Panel.

## ARGUMENT

### A.    Consolidating all related actions will promote judicial economy.

The Panel concluded that consolidation "will serve the convenience of the parties and

witnesses and promote the just and efficient conduct of the litigation."  See Transfer Order, p. 2

attached as Exhibit A.  Plaintiffs have filed contemporaneously a Proposed Pretrial Order No. 1

that should effectuate the Panel's order that all pending and transferred cases be consolidated.

The Proposed Pretrial Order No. 1 also contains a provision allowing Plaintiffs to file a

consolidated complaint.  Plaintiffs' proposed consolidated complaint will promote the

expeditious resolution of pleading matters, since any motions directed to the pleadings will be

heard on a single hearing date to be set by the Court and will relate to only one set of pleadings.

Such procedures will not only simplify the presentation of any issues desired to be raised by the

defendants concerning the sufficiency of the complaint, but will also avoid duplicative motions

and hearings and unnecessary delay in the resolution of such issues.  Entry of the attached

Proposed Pretrial Order No. 1 will assist the Court and the parties by providing for the orderly,

cost effective and timely prosecution of all related actions.

## B.    This Court should appoint a leadership structure for Plaintiffs.

Plaintiffs in the above styled action believe that the appointment of the following

leadership structure would aid in the coordination and prosecution of this case:

**Lead Counsel:**  Barrett, Johnston & Parsley

**Liaison Counsel:** Cuneo Gilbert & LaDuca, LLP

**Executive Committee:**  (1) Berger & Montague, P.C.; (2) Lerach, Coughlin, Stoia,

Geller, Rudman & Robbins LLP; and (3) Balestriere PLLC.

In complex cases such as this one, it is well established that the court may appoint a

plaintiff leadership structure to coordinate the prosecution of complex litigation.  *In re*

*Benedectin Litig.*, 857 F.2d 290, 297 (6th Cir. 1988); *Vincent v. Hughes Air West, Inc.*, 557 F.2d

759, 774-75 (9th Cir. 1977); *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006,

1014-15 (5th Cir. 1977); *Millman*, 2004 US Dist. LEXIS 20113 at *7.  Likewise, the utility in

appointing lead counsel in complex actions such as this one is well recognized.  As stated by one

court:

> The benefits achieved by consolidation and the appointment of general counsel,
> *i.e.*, elimination of duplication and repetition and in effect the creation of a
> coordinator of diffuse plaintiffs through whom motions and discovery
> proceedings will be channeled, will most certainly redound to the benefit of all
> parties to the litigation.  The advantages of this procedure should not be denied

litigants in the federal courts because of misapplied notions concerning interference with a party's right to his own counsel.

*MacAlister v. Guterma*, 263 F.2d 65, 69 (2d Cir. 1958). In addition, the *Manual for Complex Litigation Third* ("MCL 3d") recognizes the benefits of promptly appointing a leadership structure of plaintiffs' counsel in complex multi-party litigation. *See* MCL 3d §20.22, 20.221. The Court has broad discretion in appointing lead counsel and "[t]he 'guiding principle' is who will 'best serve the interests of the plaintiffs." *Millman*, 2004 US Dist. LEXIS 20113 at *8 (quoting *Rich v. Reisini*, 25 A.2d 32, 34 (N.Y.App. Div. 1966).

## C.    Plaintiffs, and the law firms from the proposed leadership structure, have effectively and diligently represented the proposed class and have demonstrated their ability to work with Defendants' counsel.

The named Plaintiffs in the four styled actions above, and their counsel, have worked diligently on behalf of Plaintiffs and the proposed class. Plaintiff Jason Plunkett filed the very first lawsuit in the country against the NASD as a result of the testing error. Similarly, Plaintiff Lowe filed the very first lawsuit in the District of Columbia. Within a few weeks of filing, counsel for these Plaintiffs conferred and began working together to coordinate their efforts on behalf of Plaintiffs and the proposed class. As a result, these Plaintiffs made a collective decision that the best forum was this District and the cases outside of this District were dismissed and re-filed here. After these Plaintiffs and their counsel had agreed upon a leadership structure and made the decision to litigate in this District, other lawsuits around the country and in this District were subsequently filed. The Plaintiffs in the above styled actions were well on their way to making significant progress in this case in this District prior to the involvement of the Panel. These measures – filing the first lawsuits in the nation and quickly organizing – demonstrate that these Plaintiffs and their counsel are capable of working efficiently together on behalf of the interests of the proposed class.

Additionally, these Plaintiffs and their counsel coordinated their efforts before the Panel

and were the only group of Plaintiffs that appeared before the Panel in Kansas City, Kansas on

May 25, 2006, to argue for the transfer of all cases to the District of Columbia. Counsel from the

firm Barrett, Johnston & Parsley argued before the Panel that the District of Columbia was the

logical forum because of the location of the NASD and the fact that most actions were pending

in the District of Columbia. The Panel, as evidenced by its Transfer Order, agreed with these

arguments.

Finally, these Plaintiffs have demonstrated an ability to work efficiently and effectively

with Defendants. Plaintiffs' Unopposed Motion for Consolidation and Case Management

Including the Organization and Leadership of Plaintiffs' Counsel and Supporting Statement of

Points and Authorities (Docket Entry No. 9), was filed on April 4, 2006, after extensive

discussions with counsel for Defendants NASD and EDS. Defendants, after reviewing and

making revisions to the proposed order that was filed contemporaneously with the Motion,

agreed to not oppose the Motion. Thus, Plaintiffs' counsel have demonstrated an ability to work

well with Defendants' counsel that will aid in the efficient prosecution of this matter.

**D.    The proposed structure is comprised of leading class action law firms from around the country who have the experience, skills and resources to prosecute this matter.**

1.    Barrett Johnston & Parsley

Founded by George E. Barrett in 1962, Barrett Johnston, the first racially integrated law

firm in the South, has been involved in and responsible for some of the nation's most prominent

and historical class action litigation. (*See* Firm Resume Attached as Exhibit B). As recently

exemplified by the Sixth Circuit Court of Appeals in *Geier v. Sundquist*, 372 F.3d 784 (6th Cir.

2004), the firm has been responsible for class action settlements of historical and national

significance. *Geier* was a civil rights action in which the firm served as original and lead counsel for plaintiffs. The issues were successfully litigated for over ***thirty-six years***, and resulted in the dismantling of a dual system of public higher education in the State of Tennessee and generating benefits totaling in excess of $320 million for the system. The Sixth Circuit, in noting the "exceptional nature and national significance of the case" stated:

> [T]he magnitude of this case is formidable in numerous respects. The legal principles advanced by the Geier Plaintiffs were pathbreaking and of great social import. It was in this case that this Court first held that there was an affirmative duty to remove all vestiges of state-imposed segregation in institutions of public higher education, just as there was such an obligation at lower educational levels. Plaintiffs have litigated -- successfully -- for thirty-six years against continuous state opposition and contrary judicial precedents outside this Circuit, and they have secured injunctive relief -- valued at approximately $320 million -- in programs affecting all public institutions of higher education.

*Id.* at 795. The court concluded by noting that "the tenacity of the attorneys and broad remedies obtained . . . render this a "rare" and "exceptional" case. *Id.* The *Geier* case served as a model for other similar cases brought in the South. *Id.*

The firm has also been responsible for many significant shareholder class actions, including the two largest securities class action recoveries in Tennessee history. One of those settlements, *In re Dollar General Corp. Securities Litigation*, Case No. 3:01-0388 (M.D. Tenn.) (Wiseman, J.), which recovered $172.5 million, is also the largest securities class action settlement in Sixth Circuit history and represents the tenth largest settlement of a securities class action since the passage of the Private Securities Litigation Reform Act in 1995 ("PSLRA").[1] The other recovery *In re Prison Realty Securities Litigation*, Civ. No. 3-99-0452 (M.D. Tenn) (Campbell, J.), which recovered approximately $120 million, is the second largest securities class action settlement in Tennessee history and represents the sixteenth largest settlement of a

---

[1]    *See http://securities.stanford.edu/Settlements/largest_post_reform_act.html.*

securities class action since the passage of the PSLRA.[2]  Additionally, in *Morse v. McWhorter et al.*, Civ. No. 3-97-0370 (M.D. Tenn.) (Higgins, J.), which recovered $51.25 million for Columbia/HCA Shareholders, the firm served as liaison counsel in an action brought against Columbia/HCA and its officers and directors in an action alleging violations of federal securities laws.

The firm is currently serving as Co-Lead Counsel in a consumer class action against Microsoft Corporation alleging violations of the Tennessee Consumer Protection Act and the Tennessee Trades Practices Act as a result of defendant Microsoft's unlawful monopolization of the market for licensing all Intel-compatible PC operating systems.  The suit was brought on behalf of persons or entities in the State of Tennessee, who purchased for purposes other than re-sale or distribution during the last four years, Intel-compatible PC operating systems licensed by Microsoft. The court has preliminary approved a settlement with a conservative minimum value worth at least $32 million.  The firm was responsible for the landmark decision, *Sherwood v. Microsoft*, No. 99C-3562, 2003 WL 21780975 (Tenn. Ct. App. Aug 2, 2004), permission to appeal den. Aug. 2, 2004, which held that indirect purchasers had standing to sue under the Tennessee Trades Practices Act and the TTPA applies to activity that has substantial effects on commerce within the state of Tennessee.

Additionally, state and federal courts outside of Tennessee and across the country have appointed Barrett Johnston as lead or co-lead counsel in some of the largest and most prominent complex litigation in the country.   For example, most recently, in the Fannie Mae shareholder derivative litigation pending in the District of Columbia, on a contested motion for lead plaintiff and lead counsel, the Court appointed Barrett Johnston Co-Lead Counsel. *See Horns ex rel. v.*

---

[2]      *Id.*

*Raines,* 227 F.R.D. 1, 3 (D.D.C. 2005). In appointing the firm, Judge Leon of the District of Columbia in his reported decision specifically noted "[t]he Barrett Firm . . . are experienced counsel that have had success in this type of litigation." *Id.* Additionally, after Barrett Johnston had filed an initial detailed 98-page complaint on behalf of its client and numerous other detailed pleadings with the court, Judge Leon also noted that Barrett Johnston had "prosecuted the litigation with well-pled and thorough pleadings." *Id.* Barrett Johnston also served as Co-Lead Counsel in *In re Global Crossing Ltd. Securities & ERISA Litigation,* MDL Docket No. 1472 (S.D.N.Y.) (Lynch, J.), in which a settlement valued at approximately $79 million.

Barrett Johnston has litigated successfully more shareholder class action litigations in Tennessee courts than any other law firm. For example, in *In re Corrections Corporation of America Shareholder Litigation*, Civ. No. 98-1257-III (Davidson Cty. Chancery Ct.) (Chancellor Lyle), the firm prosecuted a shareholder class action brought on behalf of former Corrections Corporation of America shareholders alleging breach of fiduciary duty in connection with the merger between Corrections Corporation of America and Prison Realty Trust. The case resulted in a recovery with a value of $32 million to the class. Additionally, Barrett Johnston has served as lead counsel and litigated successfully numerous other cases such as the one at bar alleging breaches of fiduciary duty in the context of a corporate merger in Tennessee courts. *See, e.g., Joseph McLemore v. Children's Comprehensive Services, Inc. et al.*, Case No. 01C1878 (Davidson Cty. Circuit Court (Solomon, J.); *Samuel Brand v. Colleen Conway Welch, et al.*, Case No. 00C-3066 (Davidson Cty. Circuit Court (Gayden, J.); *Everett Ramage v. Logan's Roadhouse, Inc., et. al.*, Case No. 99-90-III (Davidson Cty. Chancery Ct.) (Chancellor Lyle).

In short, the appointment of Barrett Johnston, a Tennessee firm with extensive experience and success in this type of complex litigation, as the single lead counsel will promote judicial economy and is in the best interest of the class members.

2.  Cuneo Gilbert & LaDuca, LLP

Since 1986, Cuneo Gilbert & LaDuca, LLP has had a dual practice – prosecuting complex litigation in federal and state courts across the country and federal legislative and policy work.  In the litigation aspect of its practice, the firm has been involved in scores of complex class, derivative and private attorney general actions, often serving in a leadership capacity.

This year, Jonathan Cuneo, David Stanley and Brent Walton are finalists for the Trial Lawyers For Public Justice Annual Trial Lawyer of the Year for the firm's role in *Rosner v. United States*, a suit against the United States on behalf of Hungarian victims of the Holocaust for the alleged mishandling of their property.  The firm obtained a settlement of $25.5 Million and an unprecedented statement of acknowledgement from the United States.

Additionally, the firm was sole lead counsel in the recent case of *Galanti v. Goodyear Tire & Rubber Co.*, Civil Action No. 03-209 (D.N.J.), in which over $300 million was recovered for injured consumers.

In California, the firm was recently named by the court as co-lead in a nationwide class action suit against Sony (*Chabansky v. Sony Electronics, Inc.*, Civil Action No. 05-CV-1979 (S.D.N.Y.) and was also approved by the court as Chair of the plaintiffs' executive committee in a consolidated nationwide action against Hewlett Packard (*In re: HP Inkjet Printer Litigation*, Master File C053580 (N.D. Cal.).  In Florida, the firm is currently serving as lead counsel for a putative class of approximately 300,000 owners of deeded time share owners (*Grimes et. al. vs. Fairfield Resorts et. al.*, Civil Action No. 1061 (M.D. Fla.) and served on the plaintiffs' executive committee in *In re Disposable Contact Lens Antitrust Litigation,* MDL No. 1030 (M.D. Fla.), which resulted in a multi-million dollar recovery for wearers of disposable contact lenses.

12

Cuneo Gilbert & LaDuca, LLP has gained familiarity with complex and class litigation not only through prosecution of difficult cases, but through the firm's legislative representation of other lawyers who specialize in complex litigation, including the National Association of Shareholders and Consumer Attorneys ("NASCAT"), which the firm represented for seventeen years, from its inception in 1988 until January 2005. In that capacity the firm has been in constant contact with the leading practitioners in the field about developments and issues integral to advocating for the rights of class members in a complex class action such as the instant case. Members of the firm have served as Assistant United States Attorneys in this District (Steven Berk and David Stanley) and held other positions of substantial responsibility in the United States Government, including counsel to House and Senate Judiciary Committees (Jon Cuneo and Mike Lenett); and the Executive Director of the Consumer Product Safety Commission (Pamela Gilbert).

3.   The proposed Executive Committee

Berger Montague, a firm of 70 lawyers, has been engaged in the practice of complex and class action litigation for over 35 years. The firm has been recognized by courts throughout the country for its ability and experience in handling major complex litigation, particularly in the fields of consumer litigation, securities, antitrust, mass torts, and civil and human rights. The firm's complement of nationally-recognized lawyers has represented both plaintiffs and defendants in these and other areas, and has recovered billions of dollars for its clients.[1]

Just recently, the Berger firm prosecuted and settled a case which is virtually identical to the present action against the NASD. In In re *Educational Testing Service Praxis Principles of Learning and Teaching; Grades 7 - 12 Litigation*, MDL No. 1643 (E.D. La), the Berger firm

---

[4] The *National Law Journal* in 2004 and in 2005 selected Berger & Montague for its "Hot List," a list of the top 20 and top 12 plaintiffs'-oriented litigation firms in the United States.

played an integral role as a member of plaintiffs' Steering Committee. In that case, the firm represented a class of persons who took a certain teacher licensing exam between July 2003 and April 2004, and who were erroneously notified by defendant that they failed the exam when in actuality they had passed. 4100 persons received failure notices, when they actually passed the test. The defendant later publicly admitted to the scoring error, just as the NASD did in its January 2006 press release here. The primary legal claim asserted was breach of contract, and the class sought to recover all damages that flowed from defendant's conduct. On March 13, 2006, Judge Sarah Vance of E.D. La granted preliminary approval of settlement, whereby defendant agreed to pay $11.1 million to the settlement class.

Lerach, Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") is the largest plaintiffs' class action law firm in the country. Lerach Coughlin has 160 attorneys with offices in San Diego, San Francisco, Los Angeles, New York, Boca Raton, Washington, D.C., Houston, Philadelphia and Seattle. The firm handles a wide array of complex class action cases and its lawyers have the combined experience of handling over 1,000 class actions. As a result, Lerach Coughlin attorneys have been responsible for recoveries of more than $35 billion.

Finally, Balestriere PLLC is a five lawyer firm with an office in New York City. The attorneys at Balestriere PLLC practice in the areas of civil fraud prosecution, complex litigation and criminal defense. John Balestriere, the firm's founding partner, previously worked in both the Manhattan District Attorney's Office and the New York Attorney General's Office where he prosecuted criminal offenses and conducted high level investigations of organized crime, insurance fraud, human trafficking, and large identity theft rings.

The appointment of the Lowe, Wallin, Cutler, Hester, and Plunkett, as Lead Plaintiffs and the Barrett Firm as Plaintiffs' Lead Counsel, will serve the best interests of the class. The proposed Lead Counsel have extensive experience in prosecuting complex actions such as this

14

one.  Appointment of Cuneo Gilbert & LaDuca, LLP as Liaison Counsel and the implementation

of Plaintiffs' proposed leadership structure will serve to efficiently coordinate all Plaintiffs'

common interests in prosecuting the case and will streamline the proceedings and avoid

duplicative and unproductive effort.  Simply put, the class members will be well served by these

law firms who have the experience, skills and resources to pursue this matter.

### CONCLUSION

For the reasons set forth above, Plaintiffs in the four above styled actions request that the

Court (1) consolidate all actions currently before it or that subsequently come before it, (2) allow

Plaintiffs to file a consolidated complaint, and (3) appoint the proposed leadership structure.  A

Proposed Pretrial Order has been filed contemporaneously with this Motion.


Respectfully Submitted


Dated: July ____, 2006                        /s/ *Jonathan W. Cuneo*
                                             Jonathan W. Cuneo, Esq. (D.C. Bar # 939-389)
                                             Steven N. Berk, Esq. (D.C. Bar # 432-870)
                                             David W. Stanley, Esq. (D.C. Bar # 174-318)
                                             William H. Anderson, Esq.
                                             CUNEO, GILBERT & LADUCA, LLP
                                             507 C Street, NE
                                             Washington, DC 20002

                                             George E. Barrett, Esq.
                                             Douglas S. Johnston, Jr., Esq.
                                             Gerald E. Martin, Esq.
                                             Timothy L. Miles, Esq.
                                             BARRETT, JOHNSTON & PARSLEY
                                             217 Second Avenue North
                                             Nashville, Tennessee 37201

                                             Robert M. Rothman, Esq.
                                             LERACH, COUGHLIN, STOIA, GELLER,
                                             RUDMAN & ROBBINS, LLP
                                             58 South Service Road, Suite 200
                                             Melville, NY 11747

Sherrie R. Savett, Esq.
Michael Fantini, Esq.
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103


John Balestriere, Esq.
Catherine Riccards, Esq.
BALESTRIERE, PLLC
225 Broadway, Suite 2700
New York, NY 10007

*COUNSEL FOR PLAINTIFFS*

## **CERTIFICATE OF SERVICE**

I, William H. Anderson, hereby certify that I served the attached Motion for Consolidation and Case Management Including the Organization and Leadership of Plaintiffs' Counsel and Supporting Statement of Points and Authorities via first class mail on July 14, 2006, on the parties listed on the attached service list.

> _/s/ William H. Anderson_
> William H. Anderson, Esq.
> CUNEO GILBERT & LADUCA, LLP
> 507 C Street, NE
> Washington, DC 20002
> Telephone: (202) 789-3960
> Facsimile: (202) 789-1813

Michael G. McClellan
FINKLESTEIN, THOMPSON &
LOUGHRAN
1050 30th Street, NW
Washington, DC 20007
*Attorney for Plaintiff Nassim Ketita*

Nancy M. Juda, Esq.
LERACH COUGHLIN STOIA
GELLER RUDMAN & ROBBINS LLP
1100 Connecticut Ave., NW, Suite 730
Washington, DC 20036
*Attorney for Timothy Wallin*

Fred Fox, Esq.
Laurence King, Esq.
Donald Hall, Esq.
 KAPLAN FOX & KILSHEIMER LLP
805 Third Ave., 22nd Floor
New York, NY 10022
*Attorneys for Geurogui Ivanov*

Scott E. Poynter, Esq.
Emerson Poynter LLP
2228 Cottondale Lane, Suite 100
Little Rock, AR 72202
*Attorney for Skylar S. Jordan*

E. Powell Miller
Mantese, Miller and Shea, PLLC
1301 West Long Lake Rd.
Suite 135
Troy, MS 48098
*Attorneys for Jason Crockett and
Maxwell Janis*

Steven A. Schwartz
Chimicles & Tikellis
One Haverford Centre
Haverford, PA 19041
*Attorney for Thomas Ribeiro*

John Balestriere
Balestriere, PLLC
225 Broadway, Suite 2700
New York, NY 10007
*Attorney for Andrew Crabbe and Linda
Cutler*

Dennis E. Murray, Jr.
MURRAY & MURRAY Co., LPA
11 E. Shoreline Drive
PO Box 19
*Attorney for Atal Varma*

Joseph Tacopina
ARTHUR L. AIDALA &
ASSOCIATES, PC
597 Fifth Avenue
New York, NY 10017
*Attorney for James Bruen*

William F. Warin
William Jay
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Ave., NW
Washington, DC 20036
*Attorneys for NASD*

James P. Karen Esq.
JONES DAY
2727 North Harwood Street
Dallas, TX 75201-1515
*Attorneys for EDS Corp.*

Thomson Prometric, Inc.
Attention: General Counsel
1000 Lancaster Street
Baltimore, MD 21202
*Attorney for Thomson Prometric, Inc.*

James F. Rittinger, Esq.
Saterlee, Stephens, Burke & Burke, LLP
230 Park Ave.
11th Floor
New York, NY 10169
*Attorney for Thomson Prometric, Inc.
and The Thomson Corporation*