UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM LOWE, On Behalf Of Himself And All Others Similarly Situated<br><br>801 N. Monroe St, Apt 901<br>Arlington, Virginia 22201<br><br>      Plaintiff,<br><br>    v.<br><br>NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. AND EDS CORPORATION<br><br>      Defendants. | Case Number: 1:06CV00280<br>Judge: John D. Bates<br>Deck Type: Contract<br>Date Stamp: 02/152006 |
| TIMOTHY WALLIN, On Behalf Of Himself And All Others Similarly Situated<br><br>912 Roanoke Drive<br>Springfield, Illinois 62702<br><br>      Plaintiff,<br><br>    v.<br><br>NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.<br><br>      Defendant. | Case Number: 1:06CV00382<br>Judge: John D. Bates<br>Deck Type: Contract<br>Date Stamp: 03/03/2006 |

| | |
|---|---|
| LINDA CUTLER, On Behalf Of Herself And All Others Similarly Situated<br><br>92 Atlantic Avenue, Apt. 2A<br>Brooklyn, New York 11201<br><br>      Plaintiff,<br><br>    v.<br><br>NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.<br><br>      Defendant. | Case Number: 1:06CV00525<br>Judge: John D. Bates<br>Deck Type: Contract<br>Date Stamp: 03/21/2006 |
| JENNIFER HESTER and JASON PLUNKETT, On Behalf Of Themselves And All Others Similarly Situated,<br><br>8133 High Drive<br>Leawood, Kansas 66206<br><br>129 Taggert Avenue<br>Nashville, Tennessee 37205<br><br>      Plaintiffs,<br><br>    v.<br><br>NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.,<br><br>      Defendant. | Case Number: 1:06CV00554<br>Judge: John D. Bates<br>Deck Type: Contract<br>Date Stamp: 03/23/2006<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**PROPOSED PRETRIAL ORDER NO. 1**

Pursuant to the June 27, 2006 Transfer Order of the Judicial Panel on Multidistrict Litigation and in accordance with Fed.R.Civ.P. 42(a), it is hereby Ordered:

**I. Consolidation.**

The above-captioned actions and all other cases that relate to the same subject-matter that have been filed or are subsequently filed in or transferred or removed to this court are hereby consolidated into one action (the "Consolidated Action") for all purposes. This Order shall apply as specified to the Consolidated Action and to each case that relates to the same subject matter that is filed or will be filed in this Court, or transferred, or removed to this Court, and is consolidated with the Consolidated Action.

**II. Caption of the Case.**

Every pleading filed in the consolidated action shall have the following caption:

| | |
|---|---|
| IN RE: SERIES 7 BROKER QUALIFICATION EXAM SCORING LITIGATION ) ) ) ) | MASTER DOCKET NO. 06-CV-280 (JDB) |

**III. Master Docket And Master Files.**

    i.    A Master File is hereby established for this proceeding. The Master File shall be Case No. 06-CV-280 (JDB). The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket.

    ii.   An original of this Order shall be filed by the Clerk in the Master File.

    iii.    The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Action.

### IV. <u>Newly Filed Or Transferred Actions</u>

This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of the Consolidated Action.

When a case that arises out of the same subject matter as the Consolidated Action is filed in this Court or transferred or removed from another court, the Clerk of this court shall:

(1)    File a copy of this Order in the separate file for such actions;

(2)    Serve a copy of this Order on the attorneys for the Plaintiff(s) in the newly-filed or transferred or removed case and to any new defendant(s) in the newly-filed or transferred or removed case; and

(3)    Make the appropriate entry in the master docket for the Consolidated Action.

Each new case that arises out of the subject matter of the Consolidated Action which is filed in this Court or transferred or removed to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of any Defendant's right to object to consolidation of any subsequently-filed or transferred or removed related action.

## V. Organization Of Plaintiffs' Counsel

1. The Court hereby appoints Barrett, Johnston & Parsley, as Lead Counsel. Lead Counsel is designated to act as spokesperson for Plaintiffs, along with Liaison Counsel, in all matters before the Court.

2. The Court hereby appoints Cuneo, Gilbert & Laduca, LLP, as Liaison Counsel for the Plaintiffs in this action. Liaison Counsel is designated on behalf of all Plaintiffs, and in coordination with the lead counsel, to:

   i. Receive and distribute all correspondence, motions, pleadings and other documents concerning pretrial discovery and motions;

   ii. To communicate with the Court on behalf of Plaintiffs;

   iii. Assist the Lead Counsel in resolving any questions or suggestions by the Court or by any counsel for Plaintiffs concerning pretrial discovery, motions, interim appeals, or the trial of the lawsuit.

   iv. Coordinate with the Executive Committee; and

   v. Perform such other functions as may be expressly authorized by further order of this Court.

3. The Court hereby appoints an Executive Committee of Plaintiffs' counsel which consists of the following members:

   Balestriere PLLC;

   Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP; and

   Berger & Montague, P.C.

    4.    Lead counsel, along with the Executive Committee, shall be responsible for the prosecution of the litigation and shall coordinate and direct:

    i.    All pretrial discovery proceedings;

    ii.    Briefing and argument of motions;

    iii.    Meetings of Plaintiffs' counsel for purposes of proposing joint actions as deemed necessary;

    iv.    Conducting of expert discovery;

    v.    The preparation for and trial of this action; and

    vi.    Any and all settlement negotiations with Defendants.

    5.    Lead counsel, along with the Executive Committee, shall work with the other Plaintiffs' counsel who have appeared in the Consolidated Action and Lead counsel shall use its discretion to assign work and responsibility to such counsel in a fair and equitable manner so as to avoid unnecessary duplication of effort.

## VI. Consolidated Complaint

Plaintiffs shall have 30 days from the entry of this Order to file and serve a single consolidated complaint. The Consolidated Complaint will supersede all existing complaints filed in this action. Defendants need not respond to any of the pre-existing complaints. Service of the case shall be effective with respect to any Defendant named in the Consolidated Action by serving the Consolidated Complaint on Defendants' counsel.

Each Defendant shall answer or otherwise respond to the Consolidated Complaint no later than 30 days from the date of service. If a Motion to Dismiss is filed by a Defendant, then Plaintiffs shall have 30 days from the date of service of the motion to file a response, and the moving Defendant shall have 30 days from the date of service of the response to file a reply.

The deadlines specified in this section may be extended or modified by agreement of the parties or further order of the Court.

        IT IS SO ORDERED this \_\_\_\_\_ day of _____, 2006.

_____
UNITED STATES DISTRICT JUDGE
Honorable John D. Bates